In re DENSON.

In re KINNEY et al.

(District Court N. D. Alabama, N. D.    April 11, 1912.)

No. 1,802.

1. **BANKRUPTCY** (§ 177*)—**FRAUDULENT SALES BY BANKRUPT—RIGHT OF TRUS-TEE.**

A fraudulent sale by a bankrupt after the filing of the petition in bankruptcy made to the agent of the buyer is voidable at the option of the trustee by an appropriate proceeding where the agent had knowledge of facts, charging him with knowledge of the fraud.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 177.*]

2. **BANKRUPTCY** (§ 288*)—**BANKRUPTCY COURT—FRAUDULENT TRANSFER OF PROPERTY BY BANKRUPT—RECOVERY—JURISDICTION.**

Where a bankrupt after the filing of the petition in bankruptcy sold goods in his possession through a bailee to one chargeable with knowledge of the fraudulent transaction, the bankruptcy court has jurisdiction by summary proceeding to compel the restoration of the property or the proceeds thereof to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

3. **BANKRUPTCY** (§ 186*)—**FRAUDULENT SALES—MEASURE OF DAMAGES.**

Where a bankrupt after the filing of the petition in bankruptcy sold merchandise in his possession through a bailee to a buyer chargeable with knowledge of the facts, the bankruptcy court properly required the buyer to restore to the trustee the value of the goods as invoiced instead of the price the buyer paid; the evidence as to value being conflicting, and the bankrupt testifying that the goods were new and worth the invoice price.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 285, 319; Dec. Dig. § 186.*]

4. **BANKRUPTCY** (§ 288*)—**FRAUDULENT SALES—LIABILITY OF AGENT.**

Where a bankrupt after the filing of the petition in bankruptcy sold merchandise in his possession through a bailee to an agent, who surrendered possession to his principal, the bankruptcy court in summary proceedings against the agent and principal to compel the restoration to the trustee of the goods, or the proceeds thereof, should not order the agent to restore the property to the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

In the matter of L. G. Denson, bankrupt. Petition of E. C. Kinney and another to review an order of the referee compelling the restoration of property to the trustee or the proceeds thereof. Modified and confirmed.

J. B. Brown and A. A. Griffith, for petitioners.
E. W. Godbey and J. M. Kilpatrick, for trustee.

GRUBB, District Judge. This is a petition to review the order of the referee requiring E. C. Kinney and Talmage Kinney to restore to the trustee property or the proceeds thereof, alleged to have been

received by them from the bankrupt by a fraudulent transfer after the filing of the petition in bankruptcy.

[1] The fraudulent character of the sale of the goods by the bankrupt to Talmage Kinney, who was acting for E. C. Kinney in making the purchase, is not disputed, and it abundantly appears that Talmage Kinney had knowledge of facts that charged him with knowledge of its fraudulent nature. The transfer or sale was therefore voidable at the option of the trustee by an appropriate proceeding. The inquiry which requires consideration is whether a summary petition in the bankruptcy cause or a plenary suit was the appropriate proceeding.

[2] The evidence is without conflict that the bankrupt prior to the filing of the petition had removed the goods in controversy from his store in Cullman to a storehouse about two miles from that place, and had made a sale to one Walker, who, becoming crippled, repudiated the purchase, and at the time of the filing of the petition was holding the property as the bailee of the bankrupt. After the filing of the petition, the bankrupt made the sale to Kinney, and Kinney then took possession of the goods and intermingled them with his own stock in a store he was operating in Cullman, and at the time of the filing of the summary petition against him had sold a part of the goods and still had a part in his possession.

The contention of the petitioners is that they are adverse claimants, and could only be proceeded against in a plenary suit. If the sale and delivery of the goods had preceded the filing of the petition in bankruptcy, this position would be unassailable. On the contrary, the evidence shows without conflict that the sale and delivery occurred after the filing of the bankruptcy proceeding, and at the time of filing the possession of the goods was with the bankrupt through his bailee. In view of this fact, the question of the jurisdiction of the bankrupt court in a summary proceeding is ruled by the cases of Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814, Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969, Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 307, 32 Sup. Ct. 96, 56 L. Ed. ——, rather than by the cases of Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, and Jacquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620.

In the case of Babbitt v. Dutcher, 216 U. S. 102–113, 30 Sup. Ct. 372, 377, 54 L. Ed. 402, 17 Ann. Cas. 969, the court distinguished the two classes of cases and the respective remedies for each, as follows:

"There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy. In the former class of cases a plenary suit must be brought, either at law or in equity, by the trustee, in which the adverse claim of title

can be tried and adjudicated. In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily, and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation. The former class falls within the ruling in the case of Bardes v. Hawarden Bank, 178 U. S. 524 [20 Sup. Ct. 1000, 44 L. Ed. 1175], and in the case of Jacquith v. Rowley, 188 U. S. 620 [23 Sup. Ct. 369, 47 L. Ed. 620], which hold that such a suit can be brought only in a court which would have had jurisdiction of a suit by the bankruptcy against the adverse claimant, except where the defendant consents to be sued elsewhere. In the latter class a plenary suit is not necessary, but the case falls within the rule laid down in Bryan v. Bernheimer, 181 U. S. 188 [21 Sup. Ct. 557, 45 L. Ed. 814], and Mueller v. Nugent, 184 U. S. 1 [22 Sup. Ct. 269, 46 L. Ed. 405], which hold that the bankruptcy court could act summarily."

In the case of Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 307, 32 Sup. Ct. 96, 56 L. Ed. ——, the court said:

"The filing of the petition is an assertion of jurisdiction, with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded in custodia legis from the filing of the petition."

And, after quoting from the bankrupt act, the court further said:

"These provisions and others might be recited to show the policy and purpose of the bankruptcy act to hold the estate in the custody of the court for the benefit of creditors after the filing of the petition and until the question of adjudication is determined upon. Pending the proceedings the law holds the property to abide the decision of the court upon the question of adjudication as effectively as if an attachment had been issued, and prevents creditors from defeating the purposes of the law by bringing separate attachment suits which virtually would amount to preferences in favor of such creditors"—citing State Bank v. Cox (C. C. A. 7th Circuit) 143 Fed. 91, 74 C. C. A. 285; Board of County Commissioners v. Hurley (C. C. A. 8th Circuit) 169 Fed. 92, 93, 94 C. C. A. 362.

In view of these decisions, it seems clear that the bankruptcy court has jurisdiction in a summary proceeding to order restored by a third person to the trustee property which was in the possession of the bankrupt at the time of the filing of the petition and thereafter delivered to such third person, though he holds it under a claim of right, when he is summarily proceeded against.

The case relied upon by petitioners as asserting a contrary principle denies jurisdiction to the bankruptcy court to proceed summarily only in cases "against those who have such claims of existing liens or titles, when the petition in bankruptcy is filed." In re Rathman, 183 Fed. 913, 925, 106 C. C. A. 253, 265.

[3] The petitioners also contend that the referee was in error as to the amount required to be restored. The petitioner, by mingling the goods with his own stock and selling part of them, had by his own act made restoration in kind impossible. The referee required him to restore the value of the goods, as invoiced, instead of the price the petitioner paid the bankrupt for them, which was 50 per cent. of that amount. The amount required to be restored should represent the actual value of the goods when taken over by petitioner. The evidence as to its value is conflicting. The majority of the witnesses testify that 50 per cent. of the invoice value was the actual

value. The bankrupt testified that the goods were new and worth the invoice price; and petitioner testified that when he put them in his stock they were marked 25 per cent. above the invoice price. In view of these undisputed facts and of the circumstances of extremity of the bankrupt, known to petitioner when he made the purchase, I am persuaded that they were bought by him at a sacrifice from the true value; and that the amount fixed by the referee represents the true value of the goods at the time of their receipt by petitioners.

[4] The petitioners' further contention is that the referee erred in ordering Talmage Kinney, who acted merely as agent for E. C. Kinney in making the purchase, to restore the property to the trustee, he having had no possession of it except as agent for E. C. Kinney, and having surrendered such possession as he had to his principal before the summary petition was filed against him. The order of the referee should be modified in this respect, and, as so modified, is confirmed, and the costs of review taxed against petitioners.