### In re CANTELO MFG. CO.

### IVES v. CANTELO MFG. CO. et al.

(District Court, D. Maine. December 10, 1912.)

### No. 179.

1. BANKRUPTCY (§ 288*)—CLAIMS—DETERMINATION—TRIAL—PLENARY SUIT—SUMMARY PROCEEDINGS.

Where a claim of adverse title to property of a bankrupt is based on a transfer antedating the bankruptcy proceedings, a plenary suit must be brought either at law or in equity to adjudicate the claim; but, if it is not based on any transfer prior to bankruptcy, but the property is in the physical possession of a third party, or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refused to deliver it to the trustee, then the bankruptcy court has jurisdiction to compel its delivery to the trustee in summary proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. § 288.*]

2. BANKRUPTCY (§ 136*)—CORPORATIONS—ASSETS—PATENTS—OWNERSHIP.

Where claimant, after patenting a metal stepladder, organized a corporation to manufacture and exploit the invention, receiving $30,000 of its capital stock in consideration of an assignment of his rights and patents to the corporation, his rights with reference to the patents thereafter were merely those of an officer of the corporation in possession of the assets of the corporation, and hence, on bankruptcy intervening, he was properly compelled to transfer such patents to the trustee in summary proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Cantelo Manufacturing Company. On petition by Howard R. Ives, as

trustee, against the bankrupt and John S. Cantelo to obtain a transfer of certain patents alleged to belong to the corporation. A decree in favor of petitioner was rendered by the referee, and Cantelo applies for review. Affirmed.

See, also, 185 Fed. 276.

Howard R. Ives, of Portland, Me., pro se.

George E. Curry, of Boston, Mass., for bankrupt and petitioner for review.

HALE, District Judge. In a summary proceeding in bankruptcy, the trustee of the bankrupt estate, by petition, seeks for an order that certain applications for letters patent, owned by the bankrupt corporation, and now claimed and held by John S. Cantelo, president of the corporation, a director of it, and the owner of a majority of the stock of the corporation, be transferred to the trustee as the property of the corporation; and that the title thereof be declared to be in the trustee. The matter first came before this court on a demurrer, by John S. Cantelo, to the trustee's petition. The principal contention raised by the demurrer was that the patent applications which formed the subject of the petition were not such "property" as was intended by the bankrupt law to pass to the bankrupt estate and to vest in the trustee in bankruptcy. The court overruled the demurrer. After the overruling of the demurrer, the case was submitted to the referee upon the petition, answer, and proofs. A full hearing was had before the referee, in which evidence was submitted on both sides. The referee makes the following order:

"First. That the defendant John S. Cantelo in or about the month of August, A. D. 1906, made and duly filed in the Patent Office of the United States of America, four certain applications for letters patent upon a certain metal stepladder; that said applications were made, and were at all times thereafter held, by said Cantelo solely in trust for and for the benefit of the defendant Cantelo Manufacturing Company; that said applications at all times prior to the filing of the petition in bankruptcy against said defendant, Cantelo Manufacturing Company, were the property of said Cantelo Manufacturing Company; and, said Cantelo Manufacturing Company having been adjudged a bankrupt, and the petitioner Howard R. Ives having been duly appointed and qualified trustee of said bankrupt, that the title to said applications for letters patent has vested and is now in said Howard R. Ives as trustee of said bankrupt.

Second. Said defendant John S. Cantelo is hereby ordered forthwith to assign, transfer, and convey said applications for letters patent to said Howard R. Ives as trustee, and forthwith to deliver to said trustee any and all receipts, certificates or documents relating to said applications for letters patent issued to said John S. Cantelo out of the United States Patent Office, and now in his possession.

From this order of the referee, the respondent John S. Cantelo appeals and asks the court to review the same.

The respondent says that the court has no jurisdiction. He insists that he has an adverse interest in the patent applications in question, and that this question between himself and the bankrupt estate can be settled only by a plenary suit, either in law or in equity, and cannot be reached by this summary proceeding.

[1] In Babbitt v. Dutcher, 216 U. S. 102, 113, 30 Sup. Ct. 372, 377

(54 L. Ed. 402, 17 Ann. Cas. 969), in speaking for the Supreme Court, Mr. Chief Justice Fuller said:

"There are two classes of cases arising under the act of 1898 and controlled by different principles. The first class is where there is a claim of adverse title to property of the bankrupt, based upon a transfer antedating the bankruptcy. The other class is where there is no claim of adverse title based on any transfer prior to the bankruptcy, but where the property is in the physical possession of a third party or of an agent of the bankrupt, or of an officer of a bankrupt corporation, who refuses to deliver it to the trustee in bankruptcy.

"In the former class of cases a plenary suit must be brought, either in law or in equity, by the trustee, in which the adverse claim of title can be tried and adjudicated.

"In the latter class it is not necessary to bring a plenary suit, but the bankruptcy court may act summarily and may make an order in a summary proceeding for the delivery of the property to the trustee, without the formality of a formal litigation.

"The former class falls within the ruling in the case of Bardes v. Hawarden Bank, 178 U. S. 524 [20 Sup. Ct. 1000, 44 L. Ed. 1175], and in the case of Jaquith v. Rowley, 188 U. S. 620 [23 Sup. Ct. 369, 47 L. Ed. 620], which hold that such a suit can be brought only in a court which would have had jurisdiction of a suit by the bankrupt against the adverse claimant, except where the defendant consents to be sued elsewhere.

"In the latter class of cases a plenary suit is not necessary, but the case falls within the rule laid down in Bryan v. Bernheimer, 181 U. S. 188 [21 Sup. Ct. 557, 45 L. Ed. 814] and Mueller v. Nugent, 184 U. S. 1 [22 Sup. Ct. 269, 46 L. Ed. 405], which held that the bankruptcy court could act summarily."

[2] If, then, John S. Cantelo is an adverse claimant in reference to the patent applications in question, this court has no jurisdiction to determine the question before it upon this process. If, however, John S. Cantelo's claim to and possession of the property in question is merely that of an officer and agent of the bankrupt company, and not of Cantelo as an individual, then the bankruptcy court may exercise summary jurisdiction to recover the property. Under the clearly stated doctrine of Babbitt v. Dutcher, the officers of a bankrupt company, in their capacity as such officers, have possession of the property of the corporation, are subject to the summary jurisdiction of the bankruptcy court, and are not adverse claimants within the meaning of the law. The question, then, before this court is whether or not the proofs in this case show that the patent applications in question were the property of the bankrupt corporation, and not that of Cantelo as an individual. And the burden is upon the petitioner, the trustee in bankruptcy, to show that the patent applications in question were held by Cantelo merely as an officer of the bankrupt corporation; so that Cantelo's possession was, in law, the possession of the corporation.

The proofs show that, prior to 1901, John S. Cantelo had invented a steel stepladder, and taken out certain applications for patent; that he had promoted a corporation, organized under the Laws of Massachusetts, to develop the invention. In 1901, he determined to form a Maine corporation, and to have the invention transferred to such corporation, in consideration for stock to be issued to him. Accordingly, the Cantelo Manufacturing Company was organized in July, 1901, un-

der the laws of Maine, with a capital stock of $60,000. John S. Cantelo was made president, and a director of the company; Joseph H. Avery was made treasurer. There was issued to Cantelo $30,000 of the capital stock, in consideration for which he assigned all his rights and patents to the corporation. After the corporation was organized, Cantelo took charge of its mechanical affairs, and sold a large amount of its stock for cash. It seems clear from the testimony that Cantelo did not turn over to the treasurer the money realized from such sale of stock, but assumed the control and disbursement of this money, and used it for the business expenses of the corporation. In his deposition Cantelo admits having received $9,264 for sale of stock, and $1,000 borrowed money, making in all $10,264, which he paid out in the business of the corporation.

Cantelo now contends that he did no work perfecting the ladder while he was in the direct employment of the defendant corporation, but that the only work he did for the corporation was in connection with the machinery in the factory, and that the improvements on the ladder which formed the subject of the four new applications for patent did not require any experimentation, but were evolved by him for his own benefit, and were not to be given the company unless he was paid for them. Upon a careful examination of all the proofs in the case, I cannot sustain this contention of the respondent. I find that, in his examination at the first meeting of creditors, Cantelo made statements entirely inconsistent with the proposition which he now advances. In that examination he states distinctly that whatever work he did since the organization of the company was done for the company. He admits that the company had the whole benefit of his services, and that a large part of those services were in the line of experimentation upon the ladder. The testimony of Mr. Avery, the treasurer, shows that, during the six years subsequent to the organization of the corporation, he was familiar with Cantelo's work at the factory; that such work consisted largely in developing the patents and experimenting upon the ladder; that Cantelo told him he was making changes in the machinery for the purpose of making improvements on the ladder, and that he was taking out additional applications for the purpose of keeping up the life of the patents, and that the improvements were to be for the benefit of the company, and that the expense of taking out the applications was paid out of the company's funds. It further appears that Cantelo represented to persons to whom he was selling stock of the company that all the interest which Cantelo had in the patents, and patent rights, belonged to the company. The testimony utterly fails to sustain Cantelo's claim that he was to be paid an additional amount for any improvements he might make upon the ladder; he had already received one-half of the entire capital stock of the corporation as a consideration for what he agreed to transfer. I think there is much force in the trustee's position that if, having acquired one-half of the stock, Cantelo could go ahead, experiment upon the company's machinery in the company's factory, all the time charging up his time to the company at $30 per week, and thereby evolve improvements on the ladder, and take out patent applications

on the improvements and hold the same in his own personal right and demand payment from the company therefor, he would thus have the power of making the original invention which he transferred to the company and for which he received half of its stock, of no value; for he would be able, if the company did not pay him for his new applications, to put the ladder in its improved form on the market, and undersell the company's product, which would not be up to the latest improvements. Thus he would be able to make the company pay him twice for the ladder, to say nothing of making it pay in the meantime for all his time and expense in evolving the improvements.

Upon all the proofs in the case, I am satisfied that the applications were made and held by Cantelo in trust for the Cantelo Manufacturing Company; that prior to the filing of the petition in bankruptcy the applications were the property of the company; and the company now having been adjudged a bankrupt, and the petitioner having been duly appointed trustee, the title to these applications has vested, and is now in the trustee of the bankrupt corporation.

The order of the referee is affirmed.