In re McCRACKEN.

(District Court, S. D. California, S. D.   July 3, 1916.)

No. 2035.

1. BANKRUPTCY ⬉288(1)—POWER OF REFEREE—SMALL VALUE OF PROPERTY.
   That the value of real property in controversy was small will not warrant the referee in summarily determining the title thereto; the matter being one as to which a plenary suit should be instituted.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⬉288(1).]

2. BANKRUPTCY ⬉288(1)—SUMMARY JURISDICTION—POSSESSION.
   Where a bankrupt had contracted for the sale of land on installments, and the purchaser was in possession, the purchaser cannot be deemed merely an occupant, and the trustee to be in constructive possession, so that the referee may summarily determine the title to the property.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⬉288(1).]

3. BANKRUPTCY ⬉288(1)—JURISDICTION—SUMMARY JURISDICTION—"ADVERSE CLAIMANT."
   A vendor having sold land under an installment contract, and the purchaser having gone into possession, the former became bankrupt. The purchaser paid all the installments up to the vendor's adjudication in bankruptcy, and thereafter, it appearing that the vendor had mortgaged the premises for a greater sum than was agreed upon, refused to make further payments; the trustee demanding that the entire indebtedness be at once discharged. Held, that as the purchaser was in possession, asserting equities under his contract, his rights could not be determined in a summary proceeding before the referee, but recourse must be had to a plenary suit; the purchaser being an "adverse claimant," within Bankr. Act July 1, 1898, c. 541, § 23, 30 Stat. 552, providing for plenary

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

suits to adjudicate controversies which had been between bankrupts and adverse claimants.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⟹288(1).

For other definitions, see Words and Phrases, Second Series, Adverse Claimant.]

In Bankruptcy. In the matter of the bankruptcy of W. B. McCracken. Petition by one Albrecht for a review of the order and judgment of the referee. Order and judgment set aside, with directions.

In the above bankruptcy proceeding the trustee on December 24, 1915, filed a petition with the referee, asking for an order to show cause why a certain contract of sale of real estate, entered into between the bankrupt, as vendor, and one Albrecht, as vendee, should not be surrendered into court, canceled, and annulled, and the possession of the premises therein described be surrendered to the said trustee, and also to show cause why the said vendee should not pay into court the sum of $160, being the reasonable rental value of the premises referred to in the contract of sale mentioned in said petition. The petition further asks that, upon the hearing of the order to show cause, the court (the referee) should make an order decreeing that the trustee was the owner and entitled to the possession of the premises in question, that the said Albrecht has no right, title or interest to any part thereof, and also that he pay the said sum of $160, the rental value of the premises, and that petitioner have such other and further relief as may seem just to the court.

The facts alleged in the petition, and upon which the above-mentioned relief was prayed for, were briefly: That in April, 1914, the bankrupt had entered into a written contract of purchase and sale with the said Albrecht, by the terms of which the bankrupt agreed to sell and Albrecht agreed to buy certain real property for a certain stipulated price, $1,750, payable $100 down and installments of $25 on the 20th day of each month thereafter. That it was further provided in said agreement that upon payment of the sum of $750 the vendor would execute a deed to the premises, free from all incumbrances, save a mortgage of $1,000. That on the day of execution of said agreement the vendee thereof entered into possession of said premises, and ever since said time has been and now is in the possession of the same. It was further alleged that the petitioner was informed and believes that the said Albrecht duly performed the terms of the said agreement until the 25th day of April, 1915, but that since said date he had made no payments whatever upon the contract; that by the terms of the contract it was provided that time should be of the essence. The petition also contains appropriate allegations with respect to a demand made by petitioner in October, 1915, for a compliance with the terms of the contract, and of a refusal by the vendee therein to comply as required.

An order to show cause as prayed for in the petition was issued, and upon the return day thereof the respondent therein, the said Albrecht, objected to the proceeding and challenged the jurisdiction of the court, on the ground that it had no jurisdiction of the subject-matter or of the person of the claimant, and alleged that the said claimant was in the legal and lawful possession of the property at all times mentioned, and at and prior to the filing of the bankruptcy petition in the proceeding, and claimed a substantial, equitable, and legal interest and lien in and to said property. This objection was further amplified by a written statement of facts filed by and on behalf of the said claimant and respondent, verified by his oath, in support of his claim of a substantial adverse interest in and to the real property in question, to the effect that he was at no time in default on his contract to purchase, but that he was ready and willing to perform each and every obligation and condition thereof, and that the only demand made upon him by the trustee was an alternative one that he should make "an offer for a deed or by completing payments upon the contract." He further alleged that on or about June

25, 1915, which was subsequent to the initiation of the bankruptcy proceedings and to the appointment of the trustee, the trustee had notified him not to make any payments on the contract in question, but to make him an offer of some lump sum for a deed to the property; that one Cook held a mortgage on the property, and was threatening to foreclose, and would foreclose and take the property, unless claimant would make some arrangement with him to take care of the mortgage; that said trustee advised him then and there, and many times afterwards, to see the said mortgagee and arrange with him to take care of the mortgage; that negotiations were pending between said Cook and the claimant, as directed by said trustee, when said trustee suddenly notified claimant of the forfeiture of said contract by letter dated November 16, 1915. Claimant also alleged that he had performed all the conditions, and made all the payments due under his said contract up to the time the bankrupt filed his petition in bankruptcy; that said Cook had filed suit to foreclose his mortgage on the premises, demanding judgment for $1,250, together with interest, attorney fees, etc. He also alleged that said contract was in full force and effect, that he was not in default, that he was entitled to remain in possession and complete the performance of his contract, and that he was entitled to have his rights thereunder adjudicated in a plenary action.

Notwithstanding the challenge of the jurisdiction of the court, the referee proceeded to hear the petition and return on the order to show cause, took evidence and made findings of fact. These findings set up the contract of sale entered into; the fact that upon the execution of said contract in April, 1914, the buyer entered into the possession of said premises, and ever since said time has occupied and still does occupy the same under the said contract of purchase and sale. It was also found that every payment due up to the 20th day of April, 1915, had been made as required; that no payments have since been made, and that on the 8th day of May, 1915, the petition in bankruptcy was filed; and that on the 28th day of May, 1915, the trustee was regularly appointed. It was also found that on the 20th of October the trustee had demanded of said Albrecht that he make the payments due and unpaid, but that Albrecht had refused so to do, and that there remained due and unpaid upon said contract the sum of $1,410, together with interest.

As conclusions of law the referee decided that the claim of Albrecht, that he had a right to the use, occupation, and possession of the premises, was not "an actual or substantial claim, made in good faith, but a merely fictitious and colorable one, as defined and described in the cases of Shea v. Lewis, 206 Fed. 877, 124 C. C. A. 537; Glock v. Howard, 123 Cal. 1, 55 Pac. 713, 43 L. R. A. 199, 69 Am. St. Rep. 17, and similar cases." He also decided that the premises in question, "in contemplation of law, are in the possession of said trustee; that said Albrecht is not a bona fide adverse claimant thereto; that said Albrecht has forfeited all right under the contract, and it is no longer in force or effect as against the trustee." Wherefore it was ordered and decreed by the referee that the trustee "is vested with the possession of and title to said premises, with the power to sell the same and convey title thereto"; "that the said Albrecht has forfeited all right, title, and interest under said contract, and that the said Albrecht surrender the use and occupation of said premises to the trustee." Thereupon said Albrecht asked for a review of the order and judgment of the referee.

J. W. Satterwhite, of Los Angeles, Cal., for petitioner.
Daly & Daly, of Long Beach, Cal., for trustee.
Force Parker, of Los Angeles, Cal., referee in bankruptcy.

BLEDSOE, District Judge (after stating the facts as above). [1-3] It is obvious that the so-called order and decree of the referee is at once, in its substantial aspects, a writ of ejectment and a decree canceling a contract of sale and quieting title to real estate. If it be the fact that the referee has the authority to enter this sort of a judgment in a summary proceeding, or even at all, it will be a matter of

some surprise as well as concern to the profession generally, who have not understood that possession of real property could thus be transferred summarily, without the verdict of a jury, if demanded, or that cancellation of an instrument could be had without the application of the usual equitable principles and forms of procedure in a forum of appropriate jurisdiction.

After very careful consideration of the matters involved herein, I can come to no other conclusion than that the referee, doubtless in a commendable desire to expedite the business of his court, has transgressed his jurisdiction and assumed functions which have not been given to him, and, giving due consideration to the rights of private property, ought not to be given to him, or to any other tribunal to be exercised in such summary fashion as they were exercised herein. As I read the case, the very decision cited by the referee, Shea v. Lewis, supra, is in itself a determination that the jurisdiction asserted herein is not possessed by the referee. That case holds, in conformity with the general current of authority, that if the bankruptcy court has not possession of the property involved, and if the claim asserted is an actual and substantial one, as distinguished from one merely colorable and fictitious, the referee has no function save to decline to adjudicate the merits of the controversy. The principle is well stated, in my judgment, in section 1652 of Remington on Bankruptcy, where it is said:

"Third parties having at the time of the bankruptcy possession of the tangible property or funds involved, and under claim of a beneficial or adverse interest therein, cannot be obliged to surrender them, nor can third parties, owing debts to the bankrupt at the time of the bankruptcy, be obliged to pay the debts, nor can such parties be obliged to submit their rights in such property, funds, or debts for determination to the bankruptcy court, by summary proceedings in the bankruptcy proceedings, even on notice and hearing. Such property, funds, or debts, thus owed or adversely held, are to be reached only by instituting plenary suits, in which the parties may be brought into court by due service, summons, or subpœna, pleadings may be filed, issue joined, and trial had in accordance with the usual forms of procedure."

This statement of the law finds ample authority in the adjudicated cases.

The referee has filed an opinion herein, in which he seems to lay some stress on the fact that the contract does not by its terms vest the vendee with any right of possession. I apprehend this is an immaterial circumstance. Under and pursuant to the contract, and doubtless in accordance with the oral agreement of the parties, the vendee went into possession, and has since remained in that possession. This gives him rights which cannot be summarily taken from him on a mere order to show cause. The referee seems to indulge in the suggestion that the value of the equity in the property would not "justify extensive or costly litigation on the part of the trustee," meaning thereby, I assume, that, because of the small worth of the equity, the trustee could not afford to institute a plenary suit for its recovery. However that might be, the courts of the land could hardly afford to permit property to be taken from one person and given to another without an observance of the requirements of the law, however little might be

involved. The rights of private property and the respect which is accorded to those rights are not determinable by a consideration of the mere amounts which may be involved.

The referee also suggests that the vendee was merely in "occupancy" of the premises, but that he did not have the "possession" thereof, within the definition of that term in a juridical sense, but that "the trustee, as the representative of the bankrupt's estate, is in the potential or constructive 'possession' of the real estate which is wrongfully and illegally occupied by Albrecht." The referee cites no authority in support of this, and I would be surprised if he could find one. If this statement be true, then the trustee in every bankruptcy proceeding is constructively in "possession" of all property which may be claimed by the bankrupt or by the trustee as belonging to the bankrupt estate, and consequently there never could arise any controversy with respect to the "possession" of property as between a trustee and a third person. Suffice it to say that the books are full of cases with respect to the rights of one who is in possession of property as against the trustee of a bankrupt's estate. In addition, the precise point here made was raised and passed upon adversely to the conclusion of the referee in the Case of Rathman, 183 Fed. 913, at page 925, 106 C. C. A. 253, which case is cited in Shea v. Lewis as a basis of the decision therein.

It might be true that mere possession of property claimed by the trustee would not suffice to require the trustee to institute a plenary suit for its recovery. The untenability of the claim might be so palpable, or the third person might be holding the property merely as the agent of the bankrupt, and admittedly without right, in such fashion as that the referee would be justified summarily in decreeing that the possession should be transferred to the rightful holder thereof, the trustee of the bankrupt's estate. Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405. However, in the present case, it appears that the third person in possession of the property, who was an entire stranger to the bankruptcy proceeding, for a valuable consideration, acquired his rights to the property under and pursuant to a lawful contract, entered into more than a year previous to the inception of the bankruptcy proceeding, and that he had complied with the contract in every respect up to the time his vendor was adjudicated a bankrupt. Thereupon it was his duty to refuse to make payments to the bankrupt, and it was the duty of the trustee to arrange for him to make succeeding payments to the trustee, or possibly to effect a sale of the so-called equity in the property then remaining in the bankrupt estate.

It is apparent from the verified claim of the respondent, as well as from the evidence adduced at the summary hearing, that the contract entered into by him with the vendor had not been performed by the vendor, in that, the vendor had incumbered the property with a mortgage of $1,250, instead of $1,000, as agreed in the contract. In addition, the trustee does not seem ever to have demanded any of the monthly payments, but to have been insisting upon a complete satisfaction of claimant's obligation under the contract. In this state

of the case it could not be expected that the vendee should make the payments as required by the contract, and thereby be compelled to take the property at a higher valuation than he and his vendor had agreed should be the consideration. It is most obvious that his claim to and right in the property, and his right to have an equitable adjustment of the obligations as between himself and his vendor, and his vendor's mortgagee, constituted him an adverse claimant to the property within any reasonable construction of section 23 et seq. of the Bankruptcy Act. Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620.

It follows, therefore, that the referee acted in excess of his jurisdiction; that his summary hearing, and the order and decree based thereon, were without authority in law; and that the only order he had jurisdiction to make in the premises was one dismissing the petition, without prejudice to the right of the trustee to institute such plenary action or take such other step as in his judgment might be deemed meet and proper. This the referee is directed to do.