# First National Bank of Philipsburg v. Calahan & Co., Inc., et al.

*Singleton Bell, Woodcock & Woodcock* and *George W. Zeigler*, for First National Bank of Philipsburg, Pa., plaintiff.

*Thomas C. Hare* and *O. H. Hewit*, for John H. Dillen, Receiver in Bankruptcy, and Bowman S. Duncan, Receiver in the Court of Common Pleas, defendants.

*Smith, Buchanan, Scott & Gordon* and *J. Foster Meck*, for First National Bank of Altoona, Pa., defendant.

*R. A. Henderson*, for creditors.

PATTERSON, P. J., Nov. 21, 1928.—This is a bill in equity to determine the ownership of certain securities or the proceeds arising from a sale of the

same in the hands of the First National Bank of Altoona and for an injunction restraining the said First National Bank from transferring or otherwise disposing of said securities or proceeds pending the final determination of this proceeding. The bill as originally filed on March 26, 1928, was against Calahan and Company, Inc., the First National Bank of Altoona, Inc., and Bowman S. Duncan, receiver of the said Calahan and Company, defendants. Later, on June 4, 1928, John H. Dillen, receiver in bankruptcy of Calahan and Company, Inc., one of the defendants, on petition and by order of court, was permitted to intervene as a party defendant. The First National Bank of Altoona, by its answer filed April 25, 1928, and amended answer filed July 9, 1928, disclaims any right, title or interest in the securities named or the proceeds arising therefrom, and avers that it is the holder of said property, subject to the decree of the court having jurisdiction of the same. On May 7, 1928, John H. Dillen, receiver in bankruptcy, filed his petition under Rule 29 of the Equity Rules, averring that this court is without jurisdiction to hear and determine this bill and answer. We, therefore, undertake the consideration of but one question, to wit, the jurisdiction of the Court of Common Pleas of Blair County. The bill, upon which the injunction was granted, was presented and acted upon by this court at 5 o'clock on the afternoon of March 26, 1928, and it appears from the evidence that on the same day, at about 9.10 o'clock in the forenoon, a petition in involuntary bankruptcy was filed with the clerk of the United States District Court for the Western District of Pennsylvania to No. 14072.

The property in question has never been, either actually or constructively, in the possession of the bankruptcy court. We note, in this connection, that on March 23, 1928, one Bowman S. Duncan was appointed by the Court of Common Pleas of Blair County receiver and directed to take possession of all of the assets of said Calahan and Company, and that the said receiver was in charge of said estate at the time of the petition in bankruptcy and the granting of the injunction herein complained of. Neither he nor any one for the bankruptcy court, however, ever had possession of the property involved in the present litigation. The First National Bank of Altoona held the same before and at the time of the instituting of the proceedings in the bankruptcy court as well as in this court. This is a plenary suit to recover assets which the plaintiff adversely contends do not belong to the bankrupt estate, and, on the other hand, the receiver contends that said property is a part of the bankrupt estate. Such claims must necessarily be litigated in the court having jurisdiction of the subject-matter and the parties as though bankruptcy proceedings had not been instituted. And, applying this rule, we conclude that the parties and the controversy are properly in the State courts.

"In general, section 23-B of the Bankruptcy Act of 1898 requires suits by the trustee in the administration of the bankrupt estate to be brought in those courts where they would have been brought if proceedings in bankruptcy had not been instituted. The suits here referred to are plenary suits to recover assets or enforce rights belonging to the estate against persons who claim adversely to the bankrupt in respect to such assets or rights. Bankruptcy courts have no jurisdiction to entertain such suits 'unless by consent of the proposed defendant:'" Collier on Bankruptcy, 1927, page 481.

"The question as to whether a person is an adverse claimant also becomes important in determining the jurisdiction of the court to proceed summarily against him. If the person proceeded against is in any sense an adverse claimant, he is entitled to have the validity of his claim determined by the court in a plenary suit brought for that purpose. . . . It is not essential that

the person should claim to be the absolute owner of the property in his pos-session to constitute him an adverse claimant:" Collier on Bankruptcy, 1927, page 484.

In the case of Rathman, 183 Fed. Repr. 913, the court said: "The question in this case is whether the controversies between the contestants are con-troversies at law and in equity between the trustee and an adverse claimant, as distinguished from controversies arising in proceedings in bankruptcy within the meaning of section 23 of the bankrupt law. If they are the former, the bankruptcy court may not, and if they are the latter, it may adjudicate them summarily, without subpœna, summons, pleadings and evidence, accord-ing to the principles, rules and practice at law and in equity."

In the case of Jaquith v. Rowley, 188 U. S. 620, the Supreme Court held that "a surety in whose hands money was deposited to indemnify him for his liability on a bail-bond was an adverse claimant within the meaning of sec-tion 23, and could not be proceeded against in the bankruptcy court unless by his consent, as provided for therein. It is not necessary in order to be an adverse claimant that the surety should claim to be the absolute owner of the property in his possession."

"Where the possession is that of a third person, who asserts no claim to the property, but holds it subject to the claim of the parties interested therein, including the bankrupt, such claims are adverse:" Collier on Bankruptcy, page 487, citing matter of Interocean Transportation Co., 36 Am. Bank Reps. 651.

In the case of First National Bank v. Chicago Title and Trust Co., 198 U. S. 280, the bankrupt had seed in storage with a warehouseman whose receipts he had pledged; the warehouseman had possession, but no claim on the seeds. It was held that the District Court had no jurisdiction to deter-mine the validity of the pledgee's claim.

In Bardes v. First National Bank of Hawarden, 178 U. S. Supreme Ct. 524, opinion by Mr. Justice Gray, in construing section 23 of the Act of 1898, it is held (quoting the act):

" 'In the same manner and to the same extent only as though bankruptcy proceedings had not been instituted and such controversies had been between the bankrupts and such adverse claimants.' This clause, while relating to the circuit courts only and not to the district courts of the United States, indi-cates the intention of Congress that the ascertainment as between the trustee in bankruptcy and a stranger to the bankruptcy proceedings of the question as to whether certain property claimed by the trustee does or does not form part of the estate to be administered in bankruptcy, shall not be brought within the jurisdiction of the national courts solely because the rights of the bankrupt and of his creditors have been transferred to the trustee in bank-ruptcy. . . . The second clause positively directs that 'suits by the trustee shall only be brought or prosecuted in the courts where the bankrupt whose estate is being administered by such trustee might have brought or prosecuted them if proceedings in bankruptcy had not been instituted unless by consent of the proposed defendant.' Had there been no bankruptcy proceedings, the bankrupt might have brought suit in any state court of competent jurisdic-tion. . . . On the contrary, Congress, by the second clause of section 23 of the present bankrupt act, appears to this court to have clearly manifested its intention that controversies not strictly or properly part of the proceedings in bankruptcy, but independent suits brought by the trustee in bankruptcy, to assert a title to money or property as assets of the bankrupt against strangers to those proceedings, should not come within the jurisdiction of the

180

District Court of the United States 'unless by consent of the proposed defendant,' of which there is no pretense in this case.

"One object in inserting this clause in the act may well have been to leave such controversies to be tried and determined for the most part in the local courts of the state, to the greater economy and convenience of litigants and witnesses."

For the reasons already stated, we are of the opinion that the Court of Common Pleas of Blair County has jurisdiction to hear and determine this case, and, therefore, the rule heretofore awarded to show cause why service should not be set aside and that the preliminary injunction heretofore granted be dissolved for want of jurisdiction is hereby discharged.

From Robert W. Smith, Hollidaysburg, Pa.