**KIDDER SKIS INTERNATIONAL, Appellant,**

v.

**Thomas L. WILLIAMS, Trustee, Appellee.**

No. 85–5159–CV–SW–4.

United States District Court, W.D. Missouri, S.D.

Dec. 13, 1985.

On Motion For Reconsideration, Dec. 20, 1986.

Robert Parrish, Joplin, Mo., for appellant.

Thomas L. Williams, Joplin, Mo., trustee.

## ORDER

RUSSELL G. CLARK, District Judge.

This is an appeal from the decision of the United States Bankruptcy Court for the Western District of Missouri, Southwestern Division. The appellant, Kidder Skis International (Kidder) is a transferee of certain assets of the debtor in this bankruptcy proceeding. Appellee is the trustee in bankruptcy. Prior to the debtors' filing of a petition in bankruptcy, Kidder reclaimed certain property which it had sold wholesale to the debtors and in exchange for this property cancelled the debt which was owed to it by the debtors. The bankruptcy judge held that this transaction was avoidable by the trustee in bankruptcy under the provision of 11 U.S.C. § 548(a)(1) and ordered Kidder to make restitution in the amount of $8,900.00. Appellant appeals both the finding that the transaction could be avoided by the trustee and the amount of restitution ordered by the court. The decision will be affirmed to the extent that it holds the transaction to be avoidable, but the judgment will be reduced to $3,200.00 plus interest.

The facts as found by the bankruptcy court indicate that the debtors owned a retail establishment which sold water skis and related equipment. On or about October 12, 1984, the debtor returned certain ski shop inventory to Kidder Skis, one of his suppliers. Kidder did not have a security interest in the equipment. Rather, debtors' inventory was subject to a perfected security interest held by the Community Bank of Shell Knob, Missouri. After the transaction, Kidder cancelled the entire debt owed to it by the debtor. The amount the debtor owed Kidder on account at the time of the transfer was $8,900.00. Kidder sold the returned merchandise to a ski retailer in California for $3,200.00. Ninety-one days after Kidder obtained the last of its merchandise from the debtor, debtor filed a petition in bankruptcy.

The trustee filed a complaint against Kidder seeking to avoid the transfer under 11 U.S.C. § 548(a)(1). There is no doubt that the transfer was with the intent to hinder, delay or defraud the secured creditor and this finding by the bankruptcy judge is not being appealed. Appellant, however, asserts that the bankruptcy judge erred in: (1) rejecting its good faith defense under 11 U.S.C. § 548(c); and (2) in the alternative, that there is no evidence to support the judgment of $8,900.00 plus interest from the date of transfer.

Under Bankruptcy Rule 8013, a reviewing court must accept the bankruptcy judge's factual findings unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Company*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *First National Bank of Clinton v. Julian*, 383 F.2d 329 (8th Cir.1967). The reviewing court is not so limited when a bankruptcy judge's error is one of law consisting of giving wrong legal significance to the facts. *Solomon v. Northwestern State Bank*, 327 F.2d 720 (8th Cir.1964). The reviewing court is free to make an independent determination of the law. *Walker v. Commercial Nat. Bank of Little Rock, Ark.*, 217 F.2d 677 (8th Cir.1954). It is with these standards in mind that this Court proceeds with its analysis.

Although Kidder may have given value for the transfer, the Court agrees with the bankruptcy judge that it did not take the merchandise in good faith. The bankruptcy judge noted that the debtor had

a closer financial relationship with Kidder than with other creditors. Also, Kidder knew that the debtor was in financial trouble and unable to pay for his inventory. Lastly, as will be shown below, Kidder cancelled an $8,900.00 debt for $3,200.00 worth of merchandise. A prudent businessman would not have cancelled such a large debt for such small consideration unless it knew that the debtor was in financial trouble. Kidder was obviously trying to cut its losses to a minimum. Given these findings, the Court cannot say the decision of the bankruptcy judge that Kidder did not act in good faith was a clearly erroneous decision.

However, the Court cannot find evidence to support the amount of judgment entered by the bankruptcy judge. 11 U.S.C. § 550 states:

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made;

Kidder cancelled the $8,900.00 debt of the debtors in exchange for the transfer of the merchandise. The bankruptcy court held that this act was an admission by Kidder of the value of the inventory. After diligent research, the Court is unable to locate any legal authority either for or against the proposition that such an act amounts to a judicial admission. The only case remotely similar to the instant case is *In Re Denson*, 195 F. 854 (N.D.Ala.1912). In that case it was held that the amount required to be restored to the trustee was the actual value of the goods at the time of the transfer. This value may or may not equate with the value which is given by the transferee. *Id.* at 857. The overwhelming evidence in this case was that the goods were worth far less than the amount owed on the debtor's account. There was no evidence that the amount owed on account related specifically to the goods transferred. The debtor may well have still owed Kidder for equipment which had long since been sold to customers in the debtor's ski shop. There is overwhelming evidence that even if the amount owed on account related specifically to the goods transferred, the goods had declined substantially in value between the date they were initially ordered and purchased by the debtor and the date at which they were retransferred to Kidder. The evidence showed that water ski sales are seasonal in this part of the country. This transfer was in October, at the beginning of winter, whereas the amount owed on account had apparently accrued when water ski sales were in greater demand (Tr. 7). Some of the skis had been used for demonstration purposes and thus had suffered some wear and tear (Tr. 5). The transfer to Kidder was in bulk rather than on a specific order basis. Testimony also demonstrated that the manufacturers of water skis change the look and style of the skis on a yearly basis (Tr. 8). Thus these skis were 1984 models which would in all likelihood be offered for resale when 1985 models would also be available. Finally, Kidder was only able to obtain $3,200.00 for the merchandise (Tr. 6). There is no evidence to indicate that Kidder did not get the best price available in order to reduce its already sizeable loss. Kidder may have reduced the debt more than the benefit it derived for several reasons. Perhaps the company felt that it simply was not worth the postage and effort to continue billing a store with no merchandise to sell in order to pay the bills. This was the explanation offered by the debtor (Tr. 25). The Court cannot say that the crediting of debtor's account was an admission as to the value of the goods received. Without such an admission, the only other evidence of the value of the merchandise was the testimony of the debtor and that of a sales representative of Kidder. Their estimates of value were uncontradicted on the record. The amount of the judgment entered by the bankruptcy judge was clearly erroneous.

Accordingly, and for the foregoing reasons, it is hereby

ORDERED that the decision of the bankruptcy court is affirmed to the extent that it finds the transaction was avoidable by the trustee and that appellant did not act in good faith; and it is further

ORDERED that the decision of the bankruptcy court is reversed as to damages; and it is further

ORDERED that judgment be entered in favor of the appellee in the amount of $3,200.00 plus interest at the legal rate accruing from the date of the transfer.

## ON MOTION FOR RECONSIDERATION

The appellee has filed a motion for reconsideration of this Court's order of December 13, 1985. The appellee claims that this Court erred in reducing the amount of the judgment entered by the Bankruptcy Judge from $8,900.00 to $3,200.00. After due consideration, the appellee's motion will be denied.

■■■ Appellee's first argument is that $8,900.00 must have been the value of the goods because that is the amount of the claim which the appellant surrendered. As this Court noted in its order of December 13, 1985 there was no indication that the $8,900.00 debt owed to appellant related specifically to the goods which the appellant reclaimed. Furthermore, as this Court noted, there may have been several reasons why the appellant decided not to pursue further the $8,900.00 debt. This Court believes the burden of proving the value of the goods was properly upon the trustee and/or the secured creditor. Neither of these parties offered any evidence as to what specific goods were reclaimed or the value of those goods. The appellee states that they were unable to present contradictory evidence because the appellant had put the goods beyond reach. The Court fails to see how the fact that the appellant had sold the goods absolutely precluded defendant from offering proof as to the value of those goods. It is apparent from the transcript that the appellee never asked the appellant for a listing of the goods on an item by item basis, the original wholesale price for those goods, or the retail price for those goods. Finally, the fact that the appellant gave credit in the amount of $8,900.00 in exchange for return of the goods may have been some evidence of their value, but only if a showing was made that the amount owed related specifically to the goods reclaimed. This point was never made at the hearing in this case, accordingly, the Court cannot say that the appellant admitted that $8,900.00 was the value of the goods. Since the only other evidence of the value of the goods was the testimony of the debtor and of appellant's representative, the only conclusion which can be reached is that the value of the goods was $3,200.00. Put simply, appellee failed to meet its burden of proof. Accordingly, and for the foregoing reasons, it is hereby

ORDERED that the appellee's motion for reconsideration is denied.