# JOHN J. ENRIGHT v. J. W. BEAUMOND.

OCTOBER TERM, 1894.

*Trustee process. Knowledge of assignment. Payment.*

1. If the assignee of a promissory note places it with a bank for collection, knowledge of the assignment obtained by the maker from the bank is the same as though obtained from the assignee, as regards trustee process.

2. If the maker in such case is summoned as the trustee of the payee, he must fully disclose all the information which he has obtained from the bank, although he does not know the name of the assignee.

3. The note in question was one of a series, the last four of which had been assigned to the plaintiff in interest. After the assignment the defendant continued to deal with the original payee as the owner, and paid the first three to it by the authority of the assignee. After judgment in the trustee suit, the defendant deducted the amount of that judgment and sent the balance of the note to the payee who received it. *Held*, that as to such balance the defendant would be protected by this payment, for the previous dealings between the parties had authorized him to so make it.

Assumpsit. Trial by court at the April term, 1894, Chittenden county, ROWELL, J., presiding. Judgment for the plaintiff. The defendant excepts.

*D. J. Foster* for the defendant.

The judgment in the trustee process protects the defendant. *Holmes* v. *Clark and Hubbard*, 46 Vt. 22 ; *Farmer's*

*and Mechanic's Bank* v. *Drury*, 35 Vt. 469; *Barron* v. *Porter*, 44 Vt. 587.

*W. L. Burnap* and *J. J. Enright* for the plaintiff.

MUNSON, J.   The note for which the court below gave judgment was the last of a series of six made payable to the order of the George G. McLaughlin Manufacturing Company, under which name one George G. McLaughlin carried on business.   The plaintiff in interest is one Hezekiah McLaughlin, who is found to have become the owner of the last four notes of the series by virtue of a sale, endorsement and delivery thereof made in good faith prior to their maturity.   It appears, however, that the George G. McLaughlin Manufacturing Company continued to deal with the defendant after this transfer as if it were still the owner and holder of the notes, and that the defendant sent checks to it in payment of all of them except the last, before he learned that they were in other hands.   But before the last note became due, payment of all four of them was demanded of the defendant by the Third National Bank of Boston, and he thereupon corresponded with the bank in regard to them. The notes were all payable at any bank in Boston.

Some months after his correspondence with the bank, the defendant was summoned as trustee in a suit against the George G. McLaughlin Manufacturing Company.   He was at this time owing the company an open account, amounting to twenty-three dollars and sixty cents ; and he disclosed as an indebtedness to the company this sum due on account and the amount of the last note, but did not disclose the further matters which had come to his knowledge regarding the note.   On this disclosure, the defendant was adjudged trustee in the sum of thirty-one and fifty one-hundreths dollars.   Subsequently, the defendant sent the George G. McLaughlin Manufacturing Company his check for the

sum due on the account and the last note, after deducting the amount of the trustee judgment, which check was received and collected by the company.

It is found that when the trustee process was served on the defendant he did not know who was the owner of his note, but that he understood it had been transferred to some one as collateral security, and that it was then in the Boston bank for collection. He understood this through his correspondence with the bank, and knowledge so obtained was the same as if communicated by the assignee. This being the case, the defendant's disclosure was not sufficient to protect him from a recovery in behalf of the assignee. The fact that he did not know the name of the assignee did not excuse him from a further showing. He should have stated all the facts material to the inquiry, and taken such steps as were likely to secure to the assignee an opportunity to assert his claim. *Seward* v. *Heflin*, 20 Vt. 144; *Marsh* v. *Davis*, 24 Vt. 363. This would affirm the judgment, if it were not for a further finding which we think must limit the plaintiff's recovery.

As before stated, the George G. McLaughlin Manufacturing Company continued to deal with the defendant after the transfer of the notes as if it were still the owner and holder of them, and to take payment of them as they became due; and it is found to have done this in behalf of Hezekiah and by his authority. The case as made up by the court below shows clearly that the authority given covered all the notes transferred, and we are unable to discover any finding that this authority was revoked before the last payment was made. The finding that Hezekiah placed the notes in a bank for collection cannot be considered a finding that the authority was revoked, for the authority as originally given and always exercised was independent of the possession of the notes. The defendant can have the benefit of any payment made that was justified by this authority,

although he was not aware of its existence at the time of the payment. But the authority was merely to receive the money on Hezekiah's behalf, and did not justify a diversion of the funds for the benefit of the company's creditors. So the defendant is liable for so much of the indebtedness as may have been taken by the trustee process, and is protected as to whatever balance there may have been by the existence of this authority and his final payment to the company. The disclosure having covered an account due the company as well as the note, it is necessary to determine the sums chargeable to each. Of the thirty-one dollars and fifty cents paid upon the trustee judgment, twenty-three dollars and sixty cents was properly disclosed as due the company and properly paid on its debt. Only the balance, seven dollars and ninety cents, is to be treated as paid on account of the indebtedness represented by the note. This seven dollars and ninety cents is all that the plaintiff is entitled to recover. The remainder of the note was included in the defendant's remittance to the company, and was thus paid to one who was authorized to receive it on Hezekiah's behalf.

*Judgment reversed, and judgment for plaintiff for $7.90 with interest from date of judgment below.*