ENSIGN OTIS, Trustee

*vs.*

SPRINGFIELD FIRE & MARINE INSURANCE COMPANY.

Knox.    Opinion February 14, 1923.

*A judgment against the trustee in a trustee process, the principal defendant having been defaulted, and all the goods, effects and credits in the hands of the trustee having been paid on execution against the trustee, bars a subsequent action by a trustee in bankruptcy of the principal defendant brought more than four months after the trustee process was begun. Such property only as the bankrupt can control and collect at the time his rights pass to his trustee in bankruptcy can be recovered by the trustee. The estoppel created by the judgment against the trustee in the trustee process, effective against the principal defendant before his bankruptcy proceedings, is effective also against his trustee in bankruptcy.*

The principal defendant in a trustee suit has a legal interest in the adjudication of the alleged trustee's liability to be charged and in a subsequent suit brought by such principal defendant he is estopped by the previous judgment, followed by a delivery or payment by the trustee of the goods, effects and credits for which he was charged.

A trustee in bankruptcy can recover only such property as the bankrupt could have controlled and collected personally at the time when the rights of the bankrupt passed to his trustee. Under the circumstances of this case, Foster could not prevail in this suit, hence his trustee cannot.

On exceptions. An action to recover $400 and interest on an insurance policy, the property covered by the policy having been totally destroyed by fire, brought by the trustee in bankruptcy of the insured.

After proof of loss was filed with the company, and before the company had paid the insurance to the insured two creditors of the insured brought suits against the insured and in each case trusteed the company. The principal defendant in each case was defaulted,

and in each case the insurance company was adjudged trustee. Trustee executions were issued against the company and upon demand the entire amount due from it under the policy was paid to the two creditors of the insured on the executions. More than four months after the trustee processes were begun, Foster, the insured, went into bankruptcy and the plaintiff in this action was appointed his trustee, who brought this action to recover of defendant the amount of the insurance money, contending that at the time of the service of the trustee process on the trustee the money was not absolutely due and payable, but subject to the contingency of the company availing itself of its option within sixty days to either pay or replace the property. The general issue was pleaded and a brief statement alleging payment to the plaintiffs in the trustee processes.

The single Justice before whom the case was tried without a jury, right of exceptions being reserved, ruled that the plaintiff was not entitled to recover, and the plaintiff excepted. Exceptions overruled.

The case is fully stated in the opinion.

*A. S. Littlefield,* for plaintiff.

*Elisha W. Pike,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, WILSON, DEASY, JJ.

PHILBROOK, J. On February 17, 1920, the defendant issued its policy of insurance upon certain property owned by George W. Foster. The form of the contract was what is known as the Maine Standard Policy. The amount of the policy was four hundred dollars. On June 16th of the same year the insured property was destroyed by fire. On June 22d, proof of loss having been filed with the company an adjustment was made for the full amount of the policy. On the afternoon of the latter date, and after filing proof of loss, two suits were brought by separate plaintiffs against Foster in each of which the defendant company was named as trustee of Foster. Those suits were returnable to and entered in the Rockland Police Court, on the first Tuesday of August, 1920, at which session of the court the trustee filed its sworn disclosure in each suit as follows:

"Q. Had you, at the time of the service of the writ in this case upon you, any goods, effects or credits of the said principal defendant in your hands and possession?"

"A. The above named alleged trustee is a corporation carrying on a general fire and marine insurance business. On the date of the service upon it, to wit, June 22nd, A. D. 1920, it had in its possession $400 belonging to said defendant which represented an adjustment of a fire loss under policy No. 7450 issued to said defendant February 17th, A. D. 1920, for a term of one year, which adjustment was made on or about June 22nd, 1920. The amount thereof is not payable by law until forty-five days thereafterwards and subject to the right of prior attaching creditors if any there may be."

On the same first Tuesday of August the principal defendant was defaulted in each suit. On October 4, 1921, there was a hearing on the trustee disclosure and on the same day, by agreement, judgment was entered against the Insurance Company as trustee in one suit for one hundred eighty dollars and in the other for two hundred twenty dollars, these sums aggregating the total amount of the insurance. On October 12, 1921, trustee execution was issued in each case against the Insurance Company for the respective amounts agreed upon. Upon each execution thus issued the Insurance Company paid the amount for which it was charged, thus paying the full sum of four hundred dollars.

Meanwhile, and more than four months after the trustee attachment had been made, Foster had filed his voluntary petition as a bankrupt in the Bankruptcy Court. On November 12, 1921, the plaintiff was appointed, and in due time qualified, as the trustee of the estate of the bankrupt.

On December 6, 1921, the plaintiff as such trustee brought this suit against the Insurance Company to recover the four hundred dollars due under the policy and for interest upon said sum, alleging that the same was, by appointment of said plaintiff as said trustee, assigned and transferred to him.

The case was heard before the presiding Justice, without a jury and with right of exception. He ruled that the plaintiff was not entitled in law to recover, to which ruling the plaintiff duly excepted and the case comes to us upon that exception, the stipulation in the bill of exceptions being that the plaintiff is entitled to judgment unless the facts as stated in the report, tending to establish the defense set up in the brief statement, entitled the defendant to judgment.

R. S., Chap. 91, Sec. 55, Par. IV declares that no person shall be adjudged trustee by reason of any money or other thing due from

him to the principal defendant, unless at the time of the service of the writ upon him, it is due absolutely and not on any contingency. The Maine Standard Policy provides that after proof of loss the insuring company has a period of sixty days within which either to pay the amount for which it may be liable or replace the property with other of the same kind and goodness. Moreover, R. S., Chap. 53, Sec. 9, stipulates that no fire insurance company transacting business in this State shall pay any loss or damage until after the expiration of forty-five days from the date when the proof of loss is executed, with certain exceptions not herein applicable. For violation of this statute the Insurance Commissioner may suspend the authority of the company to transact business in this State for such length of time as he may deem advisable, such time not to exceed one year.

In *Godfrey. v. Macomber and Hingham Insurance Co., Trustee*, 128 Mass., 188, a policy of insurance contained a provision that in the event of loss the company had a period of thirty days after ascertaining the loss in which to make payment, and a further provision of the policy gave the company the right to make good the damage by fire by replacing or repairing the property destroyed or damaged. Trustee service was made upon it before the expiration of the thirty-day period, and the court held that the company could not be held as trustee since at the time of service of process it had not in its hands money or other property due or belonging to the principal defendant absolutely and without any contingency.

Returning to the disclosure made by the insurance company, when it was summoned as trustee in the two suits brought against Foster, we note the present plaintiff's criticism as to its form and sufficiency. The trustee declared that "it had in its possession $400 belonging to said defendant." The present plaintiff says that this was not a statement of fact but a conclusion of law; that it was an attempt on the part of the trustee to decide a legal question, the decision of which should have been left solely to the magistrate who was to pass upon the liability of the insurance company as trustee of the defendant Foster. The present plaintiff urges also that the trustee did not disclose all the facts involved in the case; that it did not disclose that the policy was a Maine Standard policy; that the proof of loss had or had not been filed prior to the service of the trustee writs; that under the terms of the policy the company still had a right to exercise its

option to pay the money or to restore the property within sixty days.

"The trustee, in his introductory and general answer, denies in the language of the statute all liability as the trustee of the principal defendant at the time of the service of the process upon him. But such a denial must be considered in the nature of a plea which is to be sustained by answers to interrogatories propounded by the plaintiff if he seeks an investigation, and gives the trustee a full opportunity to disclose the true business relations subsisting between himself and the defendants; otherwise the trustee would be constituted the judge of the law as well as of matters of fact, with the exclusive privilege of drawing inferences and conclusions which more properly belong to the court." *Toothaker* v. *Allen,* 41 Maine, 324.

The person summoned as trustee is not to determine the question of his liability. It is a fundamental rule that the disclosure of a trustee must be full and complete. *Thompson* v. *Dyer,* 100 Maine, 421.

A failure on the part of the trustee to disclose the fact that the money due from him to the principal defendant was wages for his personal labor for a time not exceeding one month, was held in *Lock* v. *Johnson,* 36 Maine, 464, to be such neglect on the part of the trustee to fully disclose that when Lock, the defendant in the trustee suit, brought suit against Johnson, the trustee, the court gave judgment for the plaintiff even though Johnson had paid the plaintiff in the trustee suit a portion of the sum which was adjudged to be in the hands of Johnson as trustee. This case was cited with approval in *Daniels* v. *Marr & Tr.,* 75 Maine, 397, decided in 1883, where property in the hands of the alleged trustee was exempt from attachment in a suit against the principal defendant, which exemption was not disclosed by the trustee.

The liability to trustee process must be determined by the relations existing at the time when the process was served upon the alleged trustee, and no subsequent act of the trustee could render him chargeable. "The precise and only point to be determined is whether at the time of the service of the process upon it the trustee had in its hands money or other property due or belonging to the principal defendant absolutely and without any contingency." *Godfrey* v. *Macomber,* supra. It was there held that the right of the insurance company to rebuild instead of paying the money, within the terms of the policy, exempted the company from being charged as trustee

because no absolute liability to pay the insurance money existed at the time of serving the trustee process.

*Marsh* v. *Davis*, 24 Vt., 363, relied upon by the plaintiff, involves the liability of a trustee to repay· a sum which he had paid upon a judgment charging him as trustee. The court held that important considerations were suppressed by Davis in his disclosure as trustee which in common prudence should have been disclosed by him. Because of this suppression of material facts in his disclosure the court said there was no propriety in permitting him to avail himself of his payment on the trustee judgment as a defense to an action brought on the claim against him by the principal defendant in the trustee suit or by his assignee. In that case the court strongly hinted the existence of fraudulent suppression of fact in the trustee disclosure.

In *Parker* v. *Wilson*, 61 Vt., 116, the court held that while the law generally protects a trustee in those cases where it appears that he has once paid a judgment rendered against him, at the same time it exacts the utmost good faith on his part and requires the disclosure of all the material facts affecting his liability and the legal and equitable rights of other claimants of the funds in his hands, and if the trustee fails fully to discharge the duty which the law imposes upon him in regard to making his disclosure, and therein setting forth all the facts within his knowledge which would affect his liability as trustee in the suit, he might be adjudged trustee and such judgment not be a protection against the collection of the indebtedness in a suit brought in favor of a transferee of the claim. · In that case the Vermont court quoted the authority of our own court where, in *Larrabee* v. *Knight*, 69 Maine, 320, Mr. Justice Walton, speaking for the court said: "It is settled law in this state that, if one summoned as a trustee is notified before making his disclosure that the funds in his hands have been assigned, and he neglects to disclose the assignment, his being charged will not be a bar to a suit against him for the benefit of the assignee."

In *Enright* v. *Beaumond*, 68 Vt., 249, the same doctrine was declared as in the Vermont cases already referred to, the court saying that the trustee should have stated, in his disclosure all the facts material to the inquiry.

In view of all these statutory and common law authorities, and under the circumstances in this case, the plaintiff claims error in the ruling of the court below in giving judgment against him.

But the defendant, equally confident of its legal rights, presents for consideration certain provisions of law which it claims will fully support the ruling that forms the ground for the bill of exceptions.

R. S., Chap. 91, Sec. 77, provides that whoever, summoned as trustee, upon his examination, wilfully and knowingly answers falsely, shall pay to the plaintiff in the suit so much of the judgment recovered against the principal defendant as remains unsatisfied, with interest and costs; but in Section 76 of the same chapter it is provided without reservation or condition that "The judgment against any person as trustee discharges him from all demands by the principal defendant or his executors or administrators, for all goods, effects and credits, paid, delivered or accounted for by the trustee thereon; and if he is afterward sued for the same by the defendant or his executors or administrators, such judgments and disposal of the goods, effects and credits as above stated, being proved, shall be a bar to the action for the amount so paid or delivered by him."

This statutory provision appears in the R. S. of Maine for 1821, Chap. 61, Sec. 11, in these words: "That goods, effects and credits of any person so taken as aforesaid by process of law out of the hands of the trustee shall forever acquit and discharge such trustee from and against all suits, damages and demands whatever to be commenced or claimed by his principal, his executors or administrators of and for the same; and if any trustee shall be sued on account of any thing done pursuant to this act he may plead the general issue and give this fact in evidence." Under the statute as it then existed our court in *Wise* v. *Hilton*, 4 Maine, 435, held that only a trustee judgment which had been satisfied would protect the trustee from being answerable to the party whose trustee he had been adjudged to be.

In the revision of the statutes in 1840, Chap. 119, Secs. 83 and 84, the foregoing appeared thus in its revised form: "The judgment against any person as trustee shall discharge him from all demands by the principal defendant, or his executors or administrators, for goods, effects and credits paid, delivered, or accounted for by the trustee by force of such judgment. If he is afterward sued for the same by the defendant, or his executors or administrators, such judgment and disposition of the goods, effects and credits as above stated, being proved, shall be a bar to the action for the amount so paid or delivered by him."

These two sections were combined in the revision of 1857, Chap. 86, Sec. 76, the revision of 1871, Chap. 96, Sec. 76, and that of 1883, Chap. 86, Sec. 76. An amendment was made in Public Laws, 1893, Chapter 160, relating to the persons to whom payment, delivery or accounting may be made by the trustee. The original provisions, with the amendment of 1893, appear in the revision of 1903, Chap. 88, Sec. 76, and in the revision of 1916 as already quoted.

Thus it will appear that from the earliest history of our State until the present time, and necessarily covering the dates when *Lock* v. *Johnson*, supra, and *Daniels* v. *Marr*, supra, were decided, this statutory protection afforded to a trustee, who had paid the trustee judgment, has existed. The question might be asked, therefore, whether in making those decisions the court overlooked the statute, and whether those decisions are conclusively applicable to the case at bar. An examination of the opinions of the court in those cases shows that in neither of them was any mention made of the statute now under consideration. But we are of opinion that those cases may be easily differentiated from others where the statute has been given full force. In the Lock case the trustee process was an attempt to deprive a laborer of something of which the law had expressly said he could not be deprived. In the Daniels case there was an attempt to take from the defendant, by trustee process, property which, by statute, is declared to be exempt from attachment. These facts, in our opinion, make both decisions proper and applicable to cases which arose under the circumstances therein existing, but not applicable to the case at bar. This differentiation is suggested at least in *Provost* v. *Piche & Tr.*, 93 Maine, 455. The court there said: "In a case of this kind, where there is no claimant for the funds in the trustee's possession, and no controversy as to the amount due, and where the only question is whether or not the funds in the trustee's hands are exempted from attachment by this process, because of the provision of the statute that an amount due the principal defendant as wages for his personal labor performed within one month next before the service of the process, except where the suit is for necessaries, cannot be attached—the principal defendant is the only one, except the plaintiff, who has any real interest in the determination of the question." In another part of the same opinion the court said: "Under our statutes a principal defendant has a legal interest in the adjudication of the alleged trustee's liability to be charged, and in a

subsequent suit brought by such defendant he is estopped by the previous judgment, followed by a delivery or payment by the trustee of the goods, effects and credits for which he was charged."

Were we now called upon to pass upon the liability of the trustee to be charged, much of the law relied upon by the plaintiff would be applicable and perhaps decisive. But Foster took no appeal from the decision of the magistrate charging the insurance company as trustee, nor has there been any attempt to procure a review as provided for in the act creating the Rockland Police Court. We are of opinion that were Foster the plaintiff in the present case he could not prevail. "The trustee can recover only such property as the bankrupt could have controlled and collected personally at the time when his rights passed to his successor." *Bennett* v. *Aetna Insurance Company*, 201 Mass., 554; 88 N. E., 335; 131 Am. St. Rep., 414.

It is the opinion of the court that the decision of the presiding Justice in the court below is in harmony with legal principles and that the mandate must be

*Exceptions overruled.*