In re GOLDSBY.

No. 3245–TB.

District Court, S. D. Florida.

Sept. 23, 1943.

850

C. H. Martin, Trustee in Bankruptcy, of Tampa, Fla., pro se.

William C. Pierce, of Tampa, Fla., for respondent, Nathan Mayo, State Commissioner of Agriculture.

BARKER, District Judge.

The petition for review in the above cause filed by Hon. Nathan Mayo, as Commissioner of Agriculture of the State of Florida, raises the question of whether or not proceeds from a surety bond paid over to the Commissioner in his official capacity under a State law, and conditioned for the benefit of citrus producers, as required by the State law, is such an asset of the dealer, who is required to post the bond, as to require the turning over of such proceeds by the Commissioner to the trustee in bankruptcy upon the dealer becoming a bankrupt.

The referee was of the opinion that such funds constituted an asset in bankruptcy and the Commissioner was ordered by the referee to turn the money over to the trustee. The Commissioner declined and brought the matter on before the District Court for review of the referee's Order.

Section 110, 11 U.S.C.A., specifies the classes and species of property or other assets of the bankrupt, title to which passes to the trustee for the bankrupt estate. Neither the surety bond of the bankrupt nor the proceeds therefrom, are in any wise embraced within the provisions of said section. Property to which the bankrupt has no ownership right does not become a part of the bankrupt estate. Lynch v. Lentz, D.C., 10 F.2d 561.

A trustee in bankruptcy can recover only such property as the bankrupt could have controlled and collected personally, at the time when his right passed to his successor. Otis v. Springfield Fire & Marine Insurance Co., 122 Me. 239, 119 A. 612.

Transferability, it is said, determines whether property becomes an asset to the trustee. In re Wright, 2 Cir., 157 F. 544, 18 L.R.A.,N.S., 193.

The case of Betzer v. Olney, 14 Cal.App.2d 53, 57 P.2d 1376, appears to be decisive of the point here involved. In that case the bankrupt had posted a bond in pursuance of the Corporate Securities Act of California. Proceeds of the bond were sought to be acquired by the trustee in bankruptcy as an asset of the bankruptcy estate. It was held by the California Court of Appeal, with further hearing denied by the Supreme Court, that such a bond carried with it a definite contractual right in favor of the beneficiaries under the bond, and that such right was neither directly nor indirectly a part of the assets of the bankruptcy estate. It was held that under the terms of the State law any recovery on the bond was the property of a particular claimant and was not affected by the bankruptcy of the original debtor. The holding there is consonant with established law and with the provisions and clear intendments of the bankruptcy act itself. In this view, it is the opinion of the District Judge that the referee in bankruptcy was in error here in denying the prayer of the State Commissioner of Agriculture in his Answer to the rule to show cause.

In accordance with the foregoing, it is hereupon ordered that said prayer of Hon. Nathan Mayo, as Commissioner of Agriculture of the State of Florida, contained in his answer to the rule of the referee to show cause, should be and is hereby sustained and granted, and it is hereupon determined and ordered that the proceeds of said surety bond now held in the possession of the said Commissioner of Agriculture was not a part of the estate of the bankrupt at the time of the adjudication of bankruptcy and hence should not be turned over and delivered by the Commissioner to the trustee; and it is further hereupon ordered that the rule to show cause of the referee should be, and same is here now, discharged, and the motion of the trustee in bankruptcy is denied and dismissed, and the said Commissioner released herefrom with leave and permission to proceed to the further execution of his duties under the said State law with respect to the funds in controversy.