Milton LOYD, and Mid-State Trucking Service, a corporation, Appellants,

v.

STEWART & NUSS, INC., a corporation, Appellee.

No. 18552.

United States Court of Appeals Ninth Circuit.

Jan. 30, 1964.

Philip C. Fullerton and Frank H. Lang, Jr., Fresno, Cal., for appellants.

Enright, Elliott & Betz, Joseph T. Enright, Norman Elliott, and Bill B. Betz, Los Angeles, Cal., for appellee.

Hillyer, Crake & Irwin, San Diego, Cal., on behalf of Richard Crake, San Diego, Cal., as amicus curiae.

Lerrigo, Thuesen & Thompson, Fresno, Cal., on behalf of Frank C. Lerrigo as amicus curiae.

Before BARNES and MERRILL, Circuit Judges, and WEIGEL, District Judge.

MERRILL, Circuit Judge.

This appeal challenges the jurisdiction of the Bankruptcy Court to determine, in a summary proceeding, the disputed right of appellee as debtor under chapter 11 of the Bankruptcy Act to lay claim to a fund not in its possession.

Appellee, as debtor, has proposed a plan of arrangement for the satisfaction of its debts under chapter 11 (11 U.S.C. § 701. et seq.). On June 20, 1960, the District Court in Bankruptcy entered its order confirming the plan. The order of confirmation provided that the court shall retain jurisdiction "to determine all controversies involving the debtor or its property and to determine any and all disputes or conflicts between the debtor and any party with whom it may do business * * *."

On November 20, 1961, appellants contracted with the debtor to transport aggregate materials for the debtor to a state highway job in Fresno County, California, upon which job the debtor had a subcontract. The prime contractor, as principal, and Fidelity and Deposit Company of Maryland, as surety, entered into a labor and material bond, covering this public work as required by state law.

On August 15, 1962, asserting that the debtor had failed to make payments due, appellants terminated their contract with it, and on August 27, 1962, filed a stop notice with the State Department of Public Works which, as subsequently amended, prayed that $172,383.77 be withheld. Under California law (Code of Civ.Proc. § 1190.1), this notice serves as a substitute for a mechanic's lien upon public works. Once the owner of property being improved receives a stop notice from one furnishing labor or materials on the property to a contractor or subcontractor, the statute requires the owner to "withhold from his contractor or from any person acting under his authority and to whom said labor or materials, or both have been furnished, * * * sufficient money * * * due or that may become due to such contractor to answer such claim and any lien that may be filed therefor * * *." In excess of $200,000 otherwise ultimately payable to the debtor under its subcontract was withheld by virtue of the appellants' stop notice.

The Bankruptcy Court thereupon, on September 6, 1962, ordered appellants to show cause why that court should not proceed to determine the amount due appellants under their contract with the

debtor. In response to this order the Department of Public Works acknowledged that it "now holds as stake holder the amount of $200,000 * * *." The prime contractor acknowledged that sums were payable to the debtor by virtue of the subcontract, and that no dispute existed as to the amount of such sums. Appellants filed a special appearance, objecting to and denying the summary jurisdiction of the Bankruptcy Court. Thereafter they participated in the proceedings, presenting evidence in support of their contention, and seeking a determination in their favor.

The Bankruptcy Court proceeded to entertain the controversy at hearings had throughout September and October, 1962. On October 10, 1962, appellants filed in the Superior Court of the State of California for the County of Fresno an action against the surety to recover on the public works' bond.

On October 24, 1962, the Bankruptcy Court rendered a partial judgment to the effect that appellants' maximum claim against debtor did not exceed $64,431.93 and that appellants, therefore, had no right to cause any monies in excess of that amount to be withheld from the debtor. The judgment also directed appellants to dismiss with prejudice the state court action brought upon the public works' bond.

Upon appellants' petition to the district court the partial judgment of the referee was affirmed.

Upon this appeal, we do not reach the merits of the dispute as to the amounts due appellants. The question is whether the Bankruptcy Court had summary jurisdiction to resolve this dispute.

Appellee first contends that jurisdiction over this dispute is to be derived from the Bankruptcy Court's order of confirmation retaining jurisdiction "to determine * * * all disputes or conflicts between the debtor and any party with whom it may do business * * *." It supports the assertion of this jurisdiction by reference to the Congressional purpose to provide for convenient administration of debtors' estates. It stresses the practical importance of recognizing the exclusive jurisdiction of the Bankruptcy Court to resolve disputes between the debtor and those with whom it does business during the period of its receivership.

In this case, however, the arrangement and confirming order did not purport to continue the title to the property of the estate in the receiver or in appellee as a debtor in possession, with power to conduct the business being subject to control of the court.[1] Rather than continuing this court administration of the estate, the plan of arrangement (though of course leaving to the court its inherent power to oversee the depositing and distribution to creditors of funds and other consideration as provided in the plan[2]) specified that all property was to revest in the debtor corporation which was to have exclusive right to manage the property and the business without court control or interference, so long as the payments required by the plan were met. (On failure to meet them the court could declare a default and reversion of the property to a receiver.) Under these facts the retained jurisdiction in our judgment could be at most no broader than that which is conferred by § 311

1. Section 70, sub. i of the Bankruptcy Act (11 U.S.C. § 110, sub. i) provides that revesting of property in the debtor following a confirmation of an arrangement may be "at such later time as may be provided by the arrangement or plan, or in the order confirming the arrangement or plan * * *." Section 343 (11 U.S.C. § 743) provides that while title to the estate property is vested in the receiver, trustee, or in the debtor as a

"debtor in possession" (which would be the case until the revesting under § 70, sub. i, supra, takes place) that person shall have power to operate the business and manage the property of the debtor "upon authorization by and subject to the control of the court."

2. See 9 Collier on Bankruptcy (14th Ed. 1963) ¶¶ 9.28, 9.34.

of the Bankruptcy Act (11 U.S.C. § 711),[3] providing:

"Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

■ Section 311 confers exclusive summary jurisdiction to determine controversies with respect to property owned by the debtor, or in the actual or constructive possession of the debtor or the Bankruptcy Court. Slenderella Systems of Berkeley, Inc. v. Pacific Tel. & Tel. Co. (2 Cir. 1961) 286 F.2d 488, 490, see 8 Collier on Bankruptcy (14th Ed. 1963) ¶ 3.02. This includes property not in the possession of the debtor, where the debtor's title is not in dispute. See 8 Collier, supra, at 181–182.

■ The court, however, does not acquire summary jurisdiction over property not in the debtor's possession where the debtor's title to it is disputed by a substantial adverse claim. Cline v. Caplan (1944) 323 U.S. 97, 65 S.Ct. 155, 89 L.Ed. 97; Harrison v. Chamberlin (1926) 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897; Slenderella Systems of Berkeley, Inc. v. Pacific Tel. & Tel. Co., supra.

The question, then, is whether the property to which the stop notice was directed constituted property owned or possessed by the debtor.

Issue is raised by the parties as to the nature of this property.

Appellee asserts that it is no more than a chose in action: an obligation which, prior to "garnishment" by the stop notice, was owed by California to appellee, without dispute on California's part, and thus, under established law, was in the constructive possession of appellee. Appellee relies, among other authorities, upon In re Borok (2 Cir. 1931) 50 F.2d 75, where, at page 77, it is stated:

"But where, as here, the debtor is not in an adverse attitude toward the bankrupt and the dispute is between the bankrupt's trustee and the claimant of a lien upon the debt, we think the debtor may be deemed to hold the debt for the bankrupt * * * and 'possession' of the chose in action may be deemed to pass to the trustee * * *. So the bankruptcy court may draw to itself the summary determination of which claimant is the proper obligee of the chose in action."

In a later decision, In re Weston (2 Cir. 1934) 68 F.2d 913, the same court applied the rationale of Borok to hold that the subject of a subcontractor's stop notice under New York law was the debt owed by the state to the contractor.

Appellants contend that the property to which the stop notice attached is a fund owned and held by California, and not the debtor; that the stop notice constituted a claim comparable to a mechanic's lien asserted against property of which the debtor was not the owner. A similar approach was used in Green v. H. E. Butt Foundation (5 Cir. 1954) 217 F.2d 553 (subcontractor's stop notice under Texas law), and In re H. L. Gentry Construction Co. (E.D.Mich.1961) 200 F.Supp. 546 (stop notice under North Carolina law).

We need not decide this issue as to the precise nature of the property involved.

■ Even assuming it to be of a chose-in-action character, it cannot be said to have constituted property in the appellee's constructive possession at the time the stop notice was filed since the debt was not one held for the appellee by the obligor, California. The only

---

3. It may indeed be questioned whether the jurisdiction that may be retained after confirmation revesting title to assets and control of the business in the debtor is not more limited than the general jurisdiction authorized by § 311. But appellants accept § 311 as controlling and we shall assume without deciding that the jurisdiction conferred by § 311 could be and was retained here.

debt to which the stop notice filed with California could attach was the debt owed to the prime contractor by California—not the debt owed to appellee by the prime contractor. Absent the filing of its own stop notice, appellee had no greater or different property right in that obligation than had the appellants. They both possessed the right to claim against the fund, but only in the event they were not paid by their respective principal obligors.

■ Similarly the action against the surety on the bond, since it did not involve attachment of property owned by or debts owed to the subcontractor debtor, cannot be said to be a dispute over property in the debtor's possession.

The Bankruptcy Court accordingly had no summary jurisdiction over the controversies as to which it entered its orders since they were not controversies with respect to property of the debtor within the meaning of § 311.

■ The debtor contends that appellants waived their right to a plenary adjudication by participating in the proceedings below. Section 2, sub. a(7) of the Bankruptcy Act (11 U.S.C. § 11, sub. a(7)) provides:

" * * * where in a controversy arising in a proceeding under this Act an adverse party does not interpose objection to the summary jurisdiction of the court of bankruptcy, by answer or motion filed before the expiration of the time prescribed by law or rule of court or fixed or extended by order of court for the filing of an answer to the petition, motion or other pleading to which he is adverse, he shall be deemed to have consented to such jurisdiction."

Here, appellants did not proceed upon the merits until after they had made timely special appearance to object to summary jurisdiction and had been overruled in this contention. Thus it cannot be said that appellants consented to jurisdiction within the meaning of § 2, sub. a(7).

Since we conclude that the Bankruptcy Court was without summary jurisdiction over the property to which this controversy related, the court's summary determination of appellant's stop notice claim must be vacated as void for want of jurisdiction. See Slenderella Systems of Berkeley, Inc. v. Pacific Tel. & Tel. Co., supra. Also the court's summary injunction ordering appellants to dismiss their state court action must be vacated. 28 U.S.C. § 2283 forbids the exercise of such injunctive power (in the absence of express legislative authorization), save "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." See Callaway v. Benton (1949) 336 U.S. 132, 150–151, 69 S.Ct. 435, 93 L.Ed. 553.

Reversed and remanded with instruction that the judgment of the Bankruptcy Court be vacated.