In the Matter of **BUNA PAINTING & DRYWALL CO., INC., and B & M Drywall, Inc., Bankrupts.**

**BONJOUR, GOUGH & STONE,** a professional corporation, as Trustee in Bankruptcy of Buna Painting & Drywall Co., Inc. and Irving J. Kornfield as Trustee in Bankruptcy of B & M Drywall, Inc., Petitioners-Appellants,

v.

**PACIFIC EMPLOYERS INSURANCE CO., DIVISION OF LABOR LAW ENFORCEMENT, et al., Respondents-Appellees.**

No. 73-2447.

United States Cout of Appeals, Ninth Circuit.

Aug. 27, 1974.

619

Lynn Anderson Koller, of Kornfield & Koller, Bonjour, Gough & Stone, Oakland, Cal., Milton Maxwell Newmark, Lafayette, Cal., for petitioners-appellants.

Frederic E. Van Dorn, San Francisco, Cal., Eugene B. Baird, Div. of Labor Law Enforcement, San Francisco, Cal., Martin Hineser, Norman Spellberg, Hineser, Spellberg & Murtha, Pleasant Hill, Cal., for respondents-appellees.

OPINION

Before KOELSCH and KILKENNY, Circuit Judges, and McGOVERN,* District Judge.

* The Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

PER CURIAM:

The only question involved in this appeal[1] is whether the trustees are empowered by Section 70(c) of the Bankruptcy Act, 11 U.S.C. § 110(c), to require the surety to pay into the bankruptcy estate the penal sums on the contractors' licensing bonds. The answer is clearly "no".

The reasoning of Betzer v. Olney, 14 Cal.App.2d 53, 57 P.2d 1376 (1936), the only case directly in point, is persuasive, and we follow it. (See In re Goldsby, 51 F.Supp. 849 (S.D.Fla.1943)). None of the many changes in what is presently § 70(c) have diminished the soundness of the conclusion there reached—that the trustee may not compel payment of the penal sums to him because the bonds are not property of the bankrupt. The bankrupt contractors here, as required by the California Business and Professions Code §§ 7071.6 and 7071.9, secured licensing bonds as a precondition to securing contractor's licenses. Under § 7071.5, those bonds are essentially third-party beneficiary contracts, the penal sum protecting certain specified classes of people who are harmed in specified ways in dealing with the contractor. The contractor is never entitled to the penal sum—he never has a property interest in the bonds. Section 70(c) gives the trustee the position and rights of an ideal creditor over property of the bankrupt, but it does not "authorize a trustee to distribute other people's property among a bankrupt's creditors." Pearlman v. Reliance Ins. Co., 371 U.S. 132, 135–136, 83 S.Ct. 232, 234, 9 L.Ed. 2d 190 (1962). See Prairie State Bank v. United States, 164 U.S. 227, 17 S.Ct. 142, 41 L.Ed. 412 (1896); United States v. Commonwealth of Pennsylvania, Department of Highways, 349 F.Supp. 1370 (E.D.Pa.1972).

The judgment is affirmed.

1. The appeal is from an order of the district court denying joint petitions for review of orders of the referee in bankruptcy.