GLOBE CONSTRUCTION CO., a
corporation, Plaintiff-Appellant
in 75-1479 and 75-1480,

v.

OKLAHOMA CITY HOUSING AUTHOR-
ITY, Third-Party Plaintiff-Appellee
in 75-1465,

Jack Matherly, dba Jack Matherly Me-
chanical Contractor (Appellee in 75-
1470), O. C. Maddox, dba Maddox Paint
Contracting Company, MCS Services,
Inc., a corporation (Appellee in 75-1471),
Rock Creek Home Center, Inc., a corpo-
ration (Appellee in 75-1469), Katie Alex-
ander Statser, as Administratrix of the
Estate of A. F. Statser, Deceased (Ap-
pellee in 75-1466), Builders Specialty,
Inc. (Appellee in 75-1475), Oklahoma
Tile Company, Inc., the CECO Corp.,
Jerry W. Taylor, dba Concrete Construc-
tion Company (Appellee in 75-1467),
Green Olman, Ray Davis, dba Pioneer
Floor Company (Appellee in 75-1464, 75-
1479 and 75-1480), Bill Cox, dba Home
Improvement Company (Appellee in 75-
1472), Defendants,

General Insurance Company of America,
Defendant-Appellant in 75-1464, 75-
1465, 75-1466, 75-1467, 75-1469, 75-1470,
75-1471, 75-1472 and 75-1475,

George Seminoff, Wayne W. Bowman and
Albert W. Bode, partners doing business
as Seminoff-Bowman-Bode, Third-Party
Defendants,

Southwest Electric Co., Inc.,
Intervenor-Defendant.

Nos. 75-1464 to 75-1467, 75-1469 to 75-
1472, 75-1475, 75-1479 and 75-1480.

United States Court of Appeals,
Tenth Circuit.

Submitted July 18, 1977.

Decided Jan. 13, 1978.

Rehearing Denied March 23, 1978.

Judson S. Woodruff, Oklahoma City, Okl. (McAfee, Taft, Mark, Bond, Rucks & Woodruff, Oklahoma City, Okl., with him on the briefs), for Globe Construction Co.

William B. Rogers, Oklahoma City, Okl., for Oklahoma City Housing Authority.

Carl E. Moslander, Oklahoma City, Okl., for Jack Matherly, dba Jack Matherly Mechanical Contractor.

John B. Hayes, Oklahoma City, Okl. (Looney, Nichols, Johnson & Hayes, Oklahoma City, Okl., with him on the briefs), for MCS Services, Inc., Katie Alexander Statser, as Administratrix of the Estate of A. F. Statser, deceased, Jerry W. Taylor, dba Concrete Construction Company, and Bill Cox, dba Home Improvement Co.

Kenneth Dewbre, Oklahoma City, Okl., for Rock Creek Home Center, Inc.

Robert K. Roach, Wichita Falls, Tex. (Gibson, Darden & Hotchkiss, Wichita Falls, Tex., with him on the brief), for Builders Specialty, Inc.

John B. Estes, Oklahoma City, Okl. (Stipe, Gossett, Stipe & Harper, Oklahoma City, Okl., with him on the briefs), for Ray Davis, dba Pioneer Floor Co.

Byrne A. Bowman, Oklahoma City, Okl. (Felix, Bowman, McIntyre & McDivitt, Oklahoma City, Okl., with him on the briefs), for General Insurance Co. of America.

Before McWILLIAMS and DOYLE, Circuit Judges, and MARKEY, Chief Judge.*

McWILLIAMS, Circuit Judge.

This controversy arises out of a construction contract that went awry. Globe Construction Company, a Colorado corporation, entered into a contract with the Oklahoma City Housing Authority, a public corporate body organized under the laws of Oklahoma, to perform certain rehabilitation work on the Will Rogers Low Rental Housing Project in Oklahoma City, Oklahoma. General Insurance Company, as surety, executed a performance bond on behalf of Globe. Various subcontractors were employed by Globe.

The prime contract called for job completion within 180 days. The Authority determined to its satisfaction that there had been a failure by Globe to make timely performance, and accordingly the Authority terminated its contract with Globe, and completed the work itself. Invoking diversity jurisdiction, Globe then brought suit in the United States District Court for the Western District of Oklahoma against the Authority based on what it alleged was a wrongful termination of the contract between the parties. Numerous subcontractors were also named by Globe as parties defendant, Globe alleging that these subcontractors had failed to perform. The Authority and the named subcontractors in turn asserted counterclaims against Globe.

During the course of the Oklahoma federal court proceedings, Globe filed for Chapter XI arrangement proceedings under the Bankruptcy Act in Colorado. Globe's surety on the performance bond, the General Insurance Company, was then joined as a party in the Oklahoma proceeding. Trial of this case was to the court, sitting without a jury, and culminated in a detailed, 17-page memorandum opinion. In general, the trial judge held adversely as to General Insurance on any claims asserted by it, on behalf of Globe, against the Authority or any of the named subcontractors. Concerning the defendants' counterclaims, the trial court held for the counterclaimants and against General Insurance. One defendant-counterclaimant, Ray Davis, doing business as Pioneer Floor Company, was also awarded judgment against Globe.

Eleven notices of appeal were filed, each seeking review of the judgment as entered by the trial court. Nine of the notices of appeal were filed by General Insurance and two by Globe. We shall first consider the nine appeals of General Insurance.

*Nos. 75–1464, 75–1465, 75–1466, 75–1467, 75–1469, 75–1470, 75–1471, 75–1472, and 75–1475*

 The nine appeals discussed here concern General Insurance and its dispute with the Authority and some eight of the subcontractors. As indicated, the trial judge dismissed the claims asserted by General Insurance, on behalf of Globe, against the Authority and the subcontractors, and at the same time awarded the Authority and the subcontractors substantial damages, and attorney's fees, against General Insurance, based on the obligation which General Insurance assumed when, as surety, it issued Globe a performance bond. Many of the matters raised by General Insurance on appeal concern what we deem to be questions of fact which were resolved by the trial judge on the basis of conflicting evidence. For example, such matters as fraud in the inducement; waiver of such fraud; latent conditions, defective plans, timely performance; substantial performance; waiver of any right to terminate; reasonable attorney's fees are in reality factual issues, not legal issues. It is of course axiomatic that resolution by a trial judge of controverted issues of fact are not to be overturned by an appellate court unless they are clearly erroneous. In the instant case the trial judge's critical findings of fact are not, in our view, clearly erroneous. On the contrary, the court's findings are

---

* Of the United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.

supported by the record and accordingly on appeal must be accepted.

Two matters urged by General Insurance merit brief comment. As mentioned above, after Globe instituted the present action against the Authority and the named subcontractors, Globe filed for Chapter XI arrangement proceedings under the Bankruptcy Act in Colorado. The bankruptcy referee thereafter entered an order staying all proceedings against Globe and its surety, General Insurance. The federal district court in Oklahoma ignored this stay order and, after hearing, entered judgment against both Globe and General Insurance. Consideration of the judgments thus entered against Globe will be deferred for the moment. Speaking now only as to the judgments entered against General Insurance, the surety, General argues that because of the pending bankruptcy proceedings involving Globe in Colorado, the federal court in Oklahoma should not have continued to proceed as to the surety, General Insurance, nor should it have entered judgment against General based on the latter's performance bond. Under the circumstances, we do not agree.

■ A primary purpose of the Bankruptcy Act is to place the property of the debtor under the control of the bankruptcy court. To protect its jurisdiction the bankruptcy court may enjoin suits against the debtor or involving the debtor's property in another court. *Texaco, Inc. v. Liberty National Bank & Trust Company of Oklahoma City,* 464 F.2d 389 (10th Cir. 1972). However, the instant case, insofar as it relates to General Insurance, is not a proceeding against Globe nor does it concern any property belonging to Globe. The claim by the Authority and the various subcontractors against General Insurance was based on the obligation assumed by General Insurance under the terms and provisions of the performance bond. The liability of General, as surety, is joint and several to the liability of the principal, Globe. The power of a bankruptcy court to enjoin *in personam* suits is confined to suits against the debtor, and there is no jurisdiction to enjoin a suit

brought to enforce the personal liability of a guarantor of bonds secured by a mortgage upon property owned by the debtor. 8 *Collier on Bankruptcy* ¶ 3.22, at 250 (14th ed. 1976). See also, *Loyd v. Stewart & Nuss, Inc.,* 327 F.2d 642 (9th Cir. 1964). For cases holding that a court of bankruptcy is without jurisdiction to enjoin proceedings where creditors of the bankrupt institute proceedings against the surety of the bankrupt, see *Jaquith v. Rowley,* 188 U.S. 620, 23 S.Ct. 369, 47 L.Ed. 620 (1903) and *Brown v. Four-in-One Coal Co.,* 286 F. 512 (6th Cir. 1923), *cert. denied,* 262 U.S. 749, 43 S.Ct. 524, 67 L.Ed. 1213 (1923). See also *Metcalf v. Barker,* 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902) and *Linstroth Wagon Co. v. Ballew,* 149 F. 960 (5th Cir. 1907).

■ As indicated, the trial judge permitted the Oklahoma proceedings to continue against both Globe and General after being advised of the institution of bankruptcy proceedings involving Globe in Colorado. Judgments were initially entered against both Globe and General. Subsequently, however, the Authority became convinced that its judgment against Globe was invalid, because such had been entered during the pendency of the bankruptcy proceedings. During the process of Globe's appeal, Globe and the Authority executed a release of the judgment. The release was carefully worded to the end that it released only the judgment obtained by the Authority against Globe, and specifically provided that it did not release the judgment obtained by the Authority against General Insurance. Notwithstanding, General Insurance now contends that the release of the judgment against Globe also released the judgment entered against General Insurance. We do not agree. The liability of General Insurance was both joint and several from the liability of Globe. The fact that the Authority released the judgment which it had obtained against Globe did not release the judgment against General Insurance. Under Oklahoma law the release of one joint obligor is not a release of any other obligor when the intent to reserve as to the latter is clearly expressed. *Barsh v. Mul-*

**1144**

*lins,* 338 P.2d 845 (Okl.1959) and *All American Bus Lines v. Saxon,* 197 Okl. 395, 172 P.2d 424 (1946). And the same rule has been applied to releases of judgment. *Hambright v. City of Cleveland,* 360 P.2d 493 (Okl.1960).

The judgments in 75–1464, 75–1465, 75–1466, 75–1467, 75–1469, 75–1470, 75–1471, and 75–1472 and 75–1475 are severally affirmed.

*Nos. 75–1479 and 75–1480*

These two appeals were filed by Globe and concern judgments entered against it in favor of Ray Davis, doing business as Pioneer Floor Company, one of the subcontractors. The first of these two appeals, No. 75–1479, relates to a judgment entered in favor of Davis in the sum of $6,011.93 on his counterclaim. The second appeal, No. 75–1480, pertains to a further judgment later entered in favor of Davis in the amount of $1,000, this sum representing reasonable attorney's fees. Davis also enjoyed a similar judgment on its counterclaim against General Insurance, the latter appealing that judgment in No. 75–1464.

The judgment entered against Globe in No. 75–1480 for $1,000 as attorney's fees was entered after the institution of bankruptcy proceedings by Globe in Colorado. Davis in this Court makes no effort to defend that particular judgment. Accordingly, the judgment in No. 75–1480 is vacated and set aside.

We conclude that the judgment entered in No. 75–1479 should also be vacated and set aside. Although the record is not entirely clear, it nonetheless appears to us that prior to the bankruptcy proceeding, the trial judge had granted Davis' motion for summary judgment, both on Globe's claim against Davis and as to the Davis' counterclaim against Globe. However, the judgment itself was not entered until after the bankruptcy proceedings had been instituted. Accordingly, the judgment in No. 75–1479 is vacated and set aside. *Texaco, Inc. v. Liberty National Bank & Trust Company of Oklahoma City,* 464 F.2d 389 (10th Cir. 1972).