### In re HATHAWAY'S LIQUIDATION AND APPRAISERS, INC., Bankrupt.

Jay E. LOEB, Trustee for Service Center of Atlanta, Inc. and Other Persons, Plaintiff,

v.

### AMERICAN DRUGGISTS' INSURANCE COMPANY, Defendant.

Bankruptcy No. B78–3014A.

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Nov. 13, 1979.

Jay E. Loeb, Gershon, Ruden, Pindar & Olim, Atlanta, Ga., for plaintiff.

C. Lawrence Jewett, Flemister, Jewett, Baird & Slotin, Atlanta, Ga., for defendant.

### STATEMENT OF THE CASE

W. H. DRAKE, Jr., Bankruptcy Judge.

On June 7, 1979, plaintiff in the above-styled case filed a Complaint alleging that defendant is liable on a surety bond to the plaintiff and to certain other claimants (which claimants plaintiff seeks to certify as a class with the plaintiff representing said class) as a result of certain alleged improprieties committed by Jack S. Hathaway, a licensed auctioneer concerning whose activities the bond was issued by the defendant. Plaintiff's Complaint seeks the following relief: (1) A preliminary injunction enjoining any payment by the defendant to claimants on the above-stated bond;

3. The plan provides only a minimal payment on unsecured claims.

(2) Certification of the above-styled case as a class action; (3) Judgment in favor of the plaintiff and against the defendant "for $650.00 or a pro rata amount based on the total amount of claims found valid by this Court"; (4) "Judgment against defendant on behalf of all members of the class for a pro rata amount based on the total amount of claims found valid by this Court"; (5) The taxing of court costs against the defendant.

On July 12, 1979, defendant American Druggists' Insurance Company filed its Answer in which it stated that it issued Bond No. 10575 concerning Jack Hathaway, that numerous claims have been filed against the defendant on said bond (defendant's having attached a list of the same to its Answer as Exhibit "A–1"), and that said claims total an amount in excess of the "penal sum" of the bond.

Based on the foregoing allegations, the defendant requests of the Court the following:

Therefore, the defendant, in the event that it is found liable, requests that this Honorable Court interplead all named plaintiffs on defendant's Exhibit "A–1" and all unknown claimants who have a claim or right to claim under the defendant's Bond No. 10575; and that it accept payment of the bond amount on behalf of said claimants and that defendant American Druggists' Insurance Company be discharged from any and all further liability as a result of the issuance of the aforementioned bond.

Additionally, the defendant requests that: (1) An injunction be issued enjoining the defendant from paying anything on Bond No. 10575 until a trial is had; (2) Certification as a class action; (3) "No judgment for the plaintiff greater than his pro rata share of the bond amount"; (4) "Judgment against the defendant in no amount greater than the penal sum of Bond No. 10575."

On October 30, 1979 defendant filed an application for a temporary restraining order to enjoin Paul Anderson, Jr. as trustee for Charles W. Hardage from executing on Bond No. 10575. Said application stated that "over ten claimants filed a claim against the defendant on the subject bond and the defendant does not know to whom to pay how much."

On October 30, 1979 this Court granted the temporary restraining order and ordered "that Paul Anderson is hereby temporarily enjoined from executing on American Druggists' Insurance Company Bond No. 10575 and any other assets of the defendant pending further hearing before this Court on November 8, 1979 at 10:00 A.M."

On November 2, 1979 Paul H. Anderson, Jr. filed what this Court has construed as a motion to vacate the temporary restraining order of October 30, 1979 and also to deny the preliminary injunction prayed for in plaintiff's complaint. Said motion is in the form of a letter to the Court which also cites the movant's version of the applicable law concerning the issue before the Court. Also attached to said letter are a copy of "Bond of Auctioneers and Apprentice Auctioneers, State of Georgia" signed by Jack Hathaway and General Agent for American Druggists' Insurance Company, a copy of "Power of Attorney, American Druggists' Insurance Company", a copy of "Auctioneers Bond Certification" No. 10575 issued by the defendant on behalf of Jack Hathaway, a copy of a fi.fa. issued by the State Court of Fulton County and signed by the Clerk of that Superior Court in the case of *Paul H. Anderson, Jr., Trustee in Bankruptcy of Charles W. Hardage, Sr. v. Jack S. Hathaway, Auctioneer, Georgia Auctioneers Commission, on Bond of American Druggists' Insurance Company* (said fi.fa. having been issued pursuant to a judgment in favor of plaintiff Paul H. Anderson, Jr., Trustee in the principal amount of $3,218.37 plus costs of $16.00).

On November 8, 1979 a conference was held in Chambers at which the attorney for the plaintiff, the attorney for the defendant, and Paul H. Anderson, Jr. were all present. It was agreed at said hearing that Jay Loeb, attorney for the plaintiff, would be allowed until the end of that day to file a brief of authorities in the form of a letter

addressed to the Court containing the appropriate citations, and that the Court would issue a ruling on this matter by Tuesday, November 13, 1979.

## CONCLUSIONS OF LAW

█ After a careful study of all the pleadings filed in this case and all of the legal authorities cited by the parties, it is the ruling of this Court that the money to be paid out under the bond issued by the defendant on Jack Hathaway is neither the property of the debtor nor is it property that might legally become part of the debtor's estate. In the case of *In re Buna Painting & Drywall Co., Inc.*, 503 F.2d 618 (9th Cir. 1974), the Court refused to allow the trustee to bring into the estate of the bankrupt money owed by a surety on a contractors' license bond. In reaching this conclusion the Court cited the case of *Betzer v. Olney*, 14 Cal.App.2d 53, 57 P.2d 1376 (1936) and stated the following:

The reasoning of *Betzer v. Olney*, 14 Cal.App.2d 53, 57 P.2d 1376 (1936), the only case directly in point, is persuasive, and we follow it. (*See In re Goldsby*, 51 F.Supp. 849 (S.D.Fla.1943)). None of the many changes in what is presently § 70(c) have diminished the soundness of the conclusion there reached—that the trustee may not compel payment of the penal sums to him because the bonds are not property of the bankrupt. The bankrupt contractors here, as required by the California Business and Professions Code §§ 7071.6 and 7071.9, secured licensing bonds as a precondition to securing contractor's licenses. Under § 7071.5, those bonds are essentially third-party beneficiary contracts, the penal sum protecting certain specified classes of people who are harmed in specified ways in dealing with the contractor. The contractor is never entitled to the penal sum—he never has a property interest in the bonds. Section 70(c) gives the trustee the position and rights of an ideal creditor over property of the bankrupt, but it does not "authorize a trustee to distribute other people's property among a bankrupt's creditors."

Similarly in the case of *In re Goldsby*, 51 F.Supp. 849 (S.D.Fla.1943), the Court was asked by the trustee to have proceeds from a surety bond for the benefit of citrus producers paid into the bankruptcy estate and turned over to the trustee. That Court also cited the case of *Betzer v. Olney*, and in ruling against the trustee, stated the following: .

In accordance with the foregoing, it is hereupon ordered that said prayer of Hon. Nathan Mayo, as Commissioner of Agriculture of the State of Florida, contained in his answer to the rule of the referee to show cause, should be and is hereby sustained and granted, and it is hereupon determined and ordered that the proceeds of said surety bond now held in the possession of the said Commissioner of Agriculture was not a part of the estate of the bankrupt at the time of the adjudication of bankruptcy and hence should not be turned over and delivered by the Commissioner to the trustee; and it is further hereupon ordered that the rule to show cause of the referee should be, and same is here now, discharged, and the motion of the trustee in bankruptcy is denied and dismissed, and the said Commissioner released herefrom with leave and permission to proceed to the further execution of his duties under the said State law with respect to the funds in controversy.

In another case in which the issue was whether or not the Bankruptcy Court had the power to enjoin suits against a surety of the debtor, the judge in *Globe Construction Co. v. Oklahoma City Housing Authority*, 571 F.2d 1140 (10th Cir. 1978) held the following:

A primary purpose of the Bankruptcy Act is to place the property of the debtor under the control of the bankruptcy court. To protect its jurisdiction the bankruptcy court may enjoin suits against the debtor or involving the debtor's property in another court. *Texaco, Inc. v. Liberty National Bank & Trust Company of Oklahoma City*, 464 F.2d 389 (10th Cir. 1972). However, the instant

case, insofar as it relates to General Insurance, is not a proceeding against Globe nor does it concern any property belonging to Globe. The claim by the Authority and the various subcontractors against General Insurance was based on the obligation assumed by General Insurance under the terms and provisions of the performance bond. The liability of General, as surety, is joint and several to the liability of the principal, Globe. The power of a bankruptcy court to enjoin *in personam* suits is confined to suits against the debtor, and there is no jurisdiction to enjoin a suit brought to enforce the personal liability of a guarantor of bonds secured by a mortgage upon property owned by the debtor. 8 *Collier on Bankruptcy* ¶ 3.22, at 250 (14th ed. 1976). See also, *Loyd v. Stewart & Nuss, Inc.*, 327 F.2d 642 (9th Cir. 1964). For cases holding that a court of bankruptcy is without jurisdiction to enjoin proceedings where creditors of the bankrupt institute proceedings against the surety of the bankrupt, see *Jaquith v. Rowley*, 188 U.S. 620, 23 S.Ct. 369, 47 L.Ed. 620 (1903) and *Brown v. Four-in-One Coal Co.*, 286 F. 512 (6th Cir. 1923), *cert. denied*, 262 U.S. 749, 43 S.Ct. 524, 67 L.Ed. 1213 (1923). See also *Metcalf v. Barker*, 187 U.S. 165, 23 S.Ct. 67, 47 L.Ed. 122 (1902) and *Linstroth Wagon Co. v. Ballew*, 149 F. 960 (5th Cir. 1907).

The Court is convinced by the law stated above that it would not be proper to require the defendant in the instant case to remit to the estate of the debtor money owed to claimants under the bond in question. Whether the claimants under this bond should be allowed to share in the proceeds pro rata or whether Paul Anderson as trustee, having pursued his claim to judgment and perfected the same in the State Court, should receive priority, is a matter more appropriately to be decided in another forum.

While it is possible that another result might have been reached under the Bankruptcy Reform Act of 1978 (which took effect on October 1, 1979), it remains as a fact that the instant suit is to be decided under the law in effect prior to the new Bankruptcy Act. Furthermore, while the Court has thoroughly examined all of the cases cited by the plaintiff, and although the case of *Montgomery Ward and Co. v. Fidelity & Deposit Co.*, 162 F.2d 264 (7th Cir. 1947) held that merely because one claimant pursued his claim to judgment should not allow him to take priority over the other claimants and that all should share pro rata in the proceeds of the suretyship bond, this Court notes significantly that the *Montgomery Ward* case as well as the other cases cited by the plaintiff are outside of the context of the Bankruptcy Courts. More specifically, none of those cases address the issue of whether or not proceeds under a suretyship bond might legally become part of the debtor's estate and be subject to distribution by the Bankruptcy Court. Whether or not a court with appropriate jurisdiction will follow the line of cases cited by the plaintiff and thereby deny Mr. Anderson's alleged priority on the bond's proceeds, is not a matter for this Court to determine. In fact, the filing of an interpleader by the defendant in the Georgia courts might very well be the most appropriate manner in which to resolve this question. Clearly though, inasmuch as the property is not of a kind includable in the debtor's estate, this Court has no jurisdiction under the applicable law to rule on the distribution of the same or to enjoin any efforts to reduce such a claim judgment or to enjoin any effort to enforce a judgment on such a claim.

## ORDER OF COURT

In accordance with the foregoing, it is hereby ORDERED that the temporary restraining order of October 30, 1979 be vacated, that plaintiff's complaint praying for injunctive and other relief be dismissed without prejudice to the rights of the parties to adjudicate their claims and priorities of the same concerning the surety bond in the appropriate court of the State of Georgia, and that judgment be entered in favor of Paul H. Anderson, Jr., as trustee, only to the extent of the denial of injunctive relief. This judgment in no way determines the

matter of whether or not his judgment in the amount of $3,264.14 is entitled to priority over the other claimants on said bond.

It is additionally hereby ORDERED that the relief prayed for by defendant in its answer be denied.